**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Kenneth Delton ROBINSON,
Defendant-Appellant.**

**No. 78–5306.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 26, 1979.

Decided July 27, 1979.

Certiorari Denied Oct. 1, 1979.
See 100 S.Ct. 165.

Joe Ray Langston, Duncan Lott (court appointed), Booneville, Miss., for defendant-appellant.

W. J. Michael Cody, U. S. Atty., W. Hickman Ewing, Jr., Devon Gosnell, Memphis, Tenn., for plaintiff-appellee.

Before ENGEL and KEITH, Circuit Judges, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

In this appeal, the defendant contends that the alibi instruction given by the trial judge was erroneous and prejudicial. Robinson was convicted of one count of conspiracy, and three counts of causing stolen vehicles to be transported from Mississippi to Tennessee. According to the Government's proof, Robinson was in Mississippi during the period of the conspiracy, while his principal defense was that he was visiting his family in Illinois at the time.* Numerous witnesses, including Robinson's wife, ex-wife, sister and sister-in-law, corroborated his story, while an alleged co-conspirator testified that Robinson had not been involved in the theft ring. The Government's chief witness against Robinson was another alleged co-conspirator, who testified that Robinson arranged for and participated in the theft and transportation of the stolen vehicles.

The trial judge gave the following instruction on the alibi defense:

> Now, the defendant in this case, ladies and gentlemen, relies, and both of them, in part rely on their defense upon that which we call an alibi. An alibi may be a good defense in a proper case. The word alibi means elsewhere. And if the proof in the case fairly and reasonably raises the defense of an alibi, and there is a reasonable doubt from the whole body of the proof as to the presence of the defendant at the time near the place where the crime was committed and there again in respect to the charges of conspiracy, aiding and abetting and substantive crimes, you will consider this matter.

> But if you find that the defendant has established that he's not at or about the places charged, nor participated at or about the times charged, then in such an event, or if the government fails to prove participation of the defendant, the defendant would be entitled to a verdict of not guilty. If the proof of an alibi in this case, taken in conjunction with all of the other proof then raises a reasonable doubt in your minds as to whether the defendant or defendants committed the crimes charged, then you should acquit the defendants or such defendant as to whom you entertain such reasonable doubt.

> The law says that the defense of an alibi should be received by the jury discretely and cautiously because it is a defense that is easily manufactured or fabricated, but it is for the jury to say whether the defendant was or was not a participant in the alleged offense or offenses charged. And of this you must be the determinors in light of the whole body of the proof and evidence in the case.

The defendant makes two distinct challenges to this alibi instruction. He contends first that the instruction as a whole did not properly inform the jury that the burden of proof was on the government to prove beyond a reasonable doubt that the alibi was not true, and that even if the jury did not believe the alibi, the burden remained upon the Government to prove the defendant's participation in the crime charged. He further argues that the instruction unfairly belittled and disparaged his defense.

---

* One of the Government's arguments on appeal is that even if the alibi charge challenged in this appeal was erroneous, it was harmless error because Robinson was charged with conspiracy and with causing the transportation of the stolen vehicles from Mississippi to Tennessee. The Government argues that under the indictment, it did not have to prove Robinson's physical presence in either Mississippi or Tennessee, and that therefore Robinson's defense is not an alibi at all, since it did not contradict an element of the offense charged.

The problem with this argument, which might be quite valid in the proper case, is that the Government's entire proof centered around Robinson's presence in Mississippi at the time of crucial events in the progress of the conspiracy, receiving and making telephone calls from his home concerning the stolen vehicles, participating in their theft, or arranging their theft and transportation into Tennessee. It is absurd to argue that the jury might have dreamed up an entirely different scenario, with Robinson doing all this while he was in Illinois, with absolutely no evidence to support it. While Robinson's alibi may not have rebutted an element of the crime, in practical effect, if believed, it undermined every aspect of the Government's case.

## BURDEN OF PROOF

An alibi charge which shifts the burden of proof to the defendant is constitutional error. *Johnson v. Bennett,* 386 F.2d 677 (8th Cir. 1967), *vacated and remanded,* 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968), *on remand,* 414 F.2d 50 (8th Cir. 1969). Furthermore, a good alibi charge is very difficult to articulate. The defense can easily backfire, resulting in a conviction because the jury didn't believe the alibi rather than because the Government has satisfied the jury of the defendant's guilt beyond a reasonable doubt, and it is the trial judge's responsibility to avoid this possibility.

■ Unlike the charge given in *Johnson v. Bennett,* however, the charge in this case did not explicitly place the burden of proof on the defendant, though it was far from a model of clarity. Further, the charge was not objected to by the defendant on this ground. Following his instruction to the jury, the judge asked if there were any objections, and defense counsel replied that he "would like to object to the instructions on the alibi as far as receiving it with caution," because "that is not the law." Rule 30, Fed.R.Crim.P., provides, "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections." The obvious purpose of this requirement is to inform the trial judge of possible errors, affording an opportunity for correction. The defendant did not object to the instruction given as shifting the burden of proof or failing to make clear that the burden of proof remained upon the Government, and we conclude that the charge was not clearly erroneous. The charge was ambiguous at worst, and any confusion in the jury's collective mind could have been readily rectified by a supplementary charge had the trial judge been alerted to the problem through a proper objection. We conclude that the defendant has waived this objection by his failure to comply with Rule 30.

## THE CAUTIONARY PORTION OF THE CHARGE

■ The defendant did properly object to the critical language used to caution the jury about alibi defenses generally. Furthermore, he was correct; it is not "the law" that an alibi defense should be received "discretely and cautiously because it is a defense that is easily manufactured or fabricated." In effect, the judge was instructing the jury that a legal standard governed their determination of the credibility of witnesses, and that alibi witnesses, as a matter of law, were to be viewed with suspicion. Furthermore, while of course the trial judge is free to instruct the jury to consider the evidence carefully, we believe that judges should refrain from critical remarks focussing on a particular defense. As the Supreme Court has recognized, the influence of a trial judge on the jury "is necessarily and properly of great weight, [and] his lightest word or intimation is received with deference, and may prove controlling." *Quercia v. United States,* 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933), quoting *Starr v. United States,* 153 U.S. 614, 626, 14 S.Ct. 919, 38 L.Ed.2d 841 (1894). It is for the jury to decide the credibility of the alibi witnesses, giving their testimony such weight under all the circumstances as the jury concludes it is due, "uninfluenced by instructions which might operate to strip [the witnesses] of the competency accorded [them] by the law." *Allison v. United States,* 160 U.S. 203, 207, 16 S.Ct. 252, 254, 40 L.Ed. 395 (1895) (comment on ease of fabricating self-defense testimony).

Such instructions are unnecessary at best, and potentially unfairly harmful. Jurors are probably as skillful as a judge at recognizing a story which was "easily manufactured," but may be led into too readily discarding an alibi, which is often as difficult to establish firmly as it is easy to fabricate, by a judge's instruction which belittles or deprecates the defense.

■ However, while we would prefer not to have such language used about particular defenses, and it was certainly error to refer

to the judge's caution as "the law," we see no real possibility that the jury was actually misled in this case as to its duty, or was overpowered by the trial judge's expression of distrust of alibi witnesses. First of all, the language used was rather mild, though clearly negative. *Cf. Sullivan v. Scafati,* 428 F.2d 1023 (1st Cir. 1970) (" 'This defense of alibi is often a defense attempted by contrivance, subornation, and perjury;' " held not constitutional error). More important, *immediately* following the alibi instruction, the trial judge emphatically re-emphasized the juror's role as determinors of credibility. He told them:

> You, as jurors, are the sole judges of the credibility of each of the witnesses who have appeared before you, and it is for you to say what weight and what credence you will give to the testimony of each one of the witnesses. Carefully consider and scrutinize all of testimony given, the circumstances under which a witness has testified, and every matter in evidence which tends to show whether or not a particular witness was worthy of belief. . . .
>
> Primarily, ladies and gentlemen, you will use your own good sense and your good common judgment and your common experience in weighing and evaluating the testimony of each and all of the witnesses.

This instruction was reinforced by numerous reminders throughout the judge's charge to the effect that the jury was the finder of fact and the determinor of credibility.

An opinion such as this one, focusing on two paragraphs lifted from the fifty pages of jury instructions given here, inevitably tends to amplify the importance and potential prejudice of the instruction. However, it is our responsibility to scrutinize the jury instructions as a whole, reversing only if it appears possible that an erroneous instruction may have affected the jury's verdict. *United States v. Reeves,* 594 F.2d 536 (6th Cir. 1979). We have carefully read the entire jury instructions, giving due consideration to their obvious and proper impact on the jury's deliberations, and conclude that there was no reversible error in this case. The judgment of conviction is affirmed.