THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE WOODS, Defendant-Appellant.

Fourth District    No. 4—96—0065

Opinion filed September 11, 1997.

COOK, J., dissenting.

Daniel D. Yuhas and Khalil Cox, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick W. Kelley, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In November 1995, a jury convicted defendant, Terrance Woods, of first degree murder, home invasion, and armed robbery (720 ILCS 5/9—1, 12—11, 18—2 (West 1994)). The trial court later sentenced him to consecutive terms of 60, 30, and 30 years in prison, respectively. Defendant appeals, arguing only that the prosecutor committed reversible error by commenting during closing argument on defendant's failure to call an alibi witness. We affirm.

## I. BACKGROUND

We review the trial evidence only to the extent necessary to put defendant's argument in context. Springfield police officer Tim Young testified that as part of his investigation into the murder of Bill Meyers, Young questioned defendant, who told Young that on the night of the murder he had been at his mother's house with his mother, Dorothy Williams, and his girlfriend, Ira Jean Bolden. At trial, defendant presented an alibi defense through the testimony of Williams, who corroborated the story defendant gave Young. Defendant did not testify.

During closing argument, the prosecutor made the following comments:

"But remember what the [d]efendant said to the police. He said my mother and my girlfriend, [Bolden], can back up my story. They can verify that I was home all day at my mother's house.

And we heard a little bit about [Bolden]. *** [B]ut at some point, somebody decided that they didn't want you to hear what [Bolden] had to say."

Defendant objected but the trial court overruled the objection, noting that defense counsel had indicated in his opening statement that he would call Bolden to testify regarding defendant's whereabouts on the night of the shooting. In fact, defense counsel had made no mention of Bolden as an alibi witness in opening statement.

## II. THE PROSECUTOR'S CLOSING ARGUMENT

Defendant argues the prosecutor committed reversible error by commenting during closing argument on defendant's failure to call Bolden as an alibi witness. The State concedes the trial court mischaracterized defendant's opening statement but argues that the prosecutor's comments were nevertheless proper in light of Williams' testimony. We agree with the State.

In *People v. Fly*, 249 Ill. App. 3d 730, 736, 619 N.E.2d 821, 825 (1993), quoting *People v. Eddington*, 129 Ill. App. 3d 745, 777, 473 N.E.2d 103, 125 (1984), this court wrote the following:

" 'As a general rule, it is improper for the prosecution to comment on a defendant's failure to present witnesses when such witnesses are equally accessible to both parties. [Citation.] An exception to the rule exists where potential alibi witnesses are interjected into the case by the defendant but are not produced at trial.' "

Further, in *People v. Kubat*, 94 Ill. 2d 437, 498, 447 N.E.2d 247, 275 (1983), the supreme court addressed the defendant's contention that the prosecutor improperly commented upon the defendant's failure to present an alibi witness where the State initially had brought out at trial the name of the defendant's alibi. In *Kubat*, a police officer testified that in response to officers' questions after his arrest, the defendant stated that he was with a female friend in another state on the date of the offense. A witness later testified for the defense that she saw the female friend with a man fitting defendant's description on either the day before or the day of the offense. Consistent with *People v. Blakes*, 63 Ill. 2d 354, 348 N.E.2d 170 (1976), the supreme court in *Kubat* (94 Ill. 2d at 498, 447 N.E.2d at 275) held that "where a defendant injects into the case the name of an alibi witness and then fails to call the witness, the prosecutor may legitimately comment on the lack of such evidence although it may not be relied upon as proof of the charge."

In *Blakes*, the supreme court held that it was not improper for

the prosecutor to comment on the defendant's failure to produce any witnesses from the club where the defendant had testified he spent five hours on the night of the offense. The supreme court reasoned as follows:

" '[I]f it is developed in a trial that a witness exists, presumably under the control of a defendant, who can throw light upon a vital matter, and he is not produced, certainly a jury may fairly consider that fact, and, likewise, counsel would have a legitimate right to comment thereon. ***

*** [T]hough failure to call a witness or produce evidence may not be relied on as substantial proof of the charge, nonetheless, if other evidence tends to prove the guilt of a defendant and he fails to bring in evidence within his control in explanation or refutation, his omission to do so is a circumstance entitled to some weight in the minds of the jury, and, as such, is a legitimate subject of comment by the prosecution.' " *Blakes*, 63 Ill. 2d at 359-60, 348 N.E.2d at 174, quoting *People v. Williams*, 40 Ill. 2d 522, 528-29, 240 N.E.2d 645, 649 (1968).

Here, although the State initially brought up defendant's alibi when Young testified about his conversation with defendant at the detective bureau, defendant clearly injected Bolden's name into this case when Williams testified for the defense that defendant had been with her and Bolden on the night of the murder. Also, we note that defendant had indicated his intention to inject Williams and Bolden into the case as alibi witnesses irrespective of any State witness' testimony. Prior to trial, defendant disclosed to the State that he intended "to tender an alibi defense at any hearing or trial in this matter," and he specifically listed Bolden and Williams as two of four alibi witnesses. See *People v. Nevitt*, 135 Ill. 2d 423, 451, 450, 553 N.E.2d 368, 379 (1990) (where the supreme court held that the prosecutor improperly commented on defendant's failure to call alibi witnesses "when there is no evidence that a witness exists" and "[d]efendant's only reference to an alibi was contained in a pretrial pleading not in evidence").

Under these circumstances—where defendant clearly injected Bolden's name into this case through Williams' testimony—we conclude that the prosecutor's comments regarding defendant's failure to call Bolden as an alibi witness were not improper.

In so concluding, we note that the cases defendant relies upon are inapposite. In *Eddington* (129 Ill. App. 3d at 776-77, 473 N.E.2d at 125), this court held that the prosecutor committed reversible error by commenting on the defendant's failure to call three alibi witnesses. However, crucial to this decision was the fact that the existence of these potential alibi witnesses was interjected into the case

*solely* through a witness for the State. As the *Eddington* court noted, "the only evidence that [the three potential witnesses] could offer alibi testimony was elicited by the State from its own witness." *Eddington*, 129 Ill. App. 3d at 777, 473 N.E.2d at 125. In contrast, here, defendant called Williams to testify in support of his alibi, and she testified defendant was with her and Bolden on the night in question.

To the extent *People v. Lawrence*, 259 Ill. App. 3d 617, 631 N.E.2d 852 (1994), holds that this court's decision in *Eddington* stands for anything more than the proposition that the State may not comment on a defendant's failure to produce alibi witnesses when the State, and the State only, suggests such alibi witnesses exist, we decline to follow it. Moreover, we note that in *Lawrence*—unlike the present case—the defendant had attempted to subpoena at least one of the alibi witnesses upon whom the State had commented in closing, and the evidence was close and came down to the complainant's testimony versus the defendant's.

*People v. Popely*, 36 Ill. App. 3d 828, 345 N.E.2d 125 (1976), is likewise distinguishable. In *Popely*, the court concluded that the defendant was denied a fair trial by the prosecutor's prejudicial comments regarding the defendant's failure to call a potential third-party witness to the crime. *Popely* involved an *occurrence* witness, not an alibi witness who could be expected to testify favorably to the defendant. The court in *Popely* specifically noted that the defendant "in no way indicated that this third party would support his theory of the case." *Popely*, 36 Ill. App. 3d at 836, 345 N.E.2d at 131.

■ In sum, the prosecution may properly comment on a defendant's failure to call alibi witnesses in certain circumstances. In general, the State may do so whenever the defendant has injected the existence of such witnesses into a case. A defendant may do so by suggesting in opening argument that such witnesses exist and will be produced at trial. He may also inject alibi witnesses into a case through the testimony of other defense witnesses (as in this case) or his own testimony. We fail to see what difference it makes whether the defendant is testifying on cross-examination or on direct—in either case he chooses to take the witness stand voluntarily. See *People v. Talley*, 152 Ill. App. 3d 971, 984, 504 N.E.2d 1318, 1326 (1987) (when a defendant gives such limited testimony on direct "that the assertion of an alibi, as well as the names of potential alibi witnesses, are raised first on cross-examination, he is not automatically insulated from the inferences which naturally flow from" his failure to present those witnesses); see also *People v. Anderson*, 250 Ill. App. 3d 439, 454, 620 N.E.2d 1281, 1291 (1993) (prosecutor properly commented on defendant's failure to call an alibi witness where prosecu-

tor brought out name of the alibi witness on cross-examination of defendant). To the extent *People v. Mays*, 3 Ill. App. 3d 512, 277 N.E.2d 547 (1972), holds otherwise, we decline to follow it. Nor does it matter that a State witness initially suggests potential alibi witnesses to the trier of fact. Only where the sole evidence of an alibi is introduced through a State witness is the prosecution precluded from making similar comments. *Eddington*, 129 Ill. App. 3d at 777, 473 N.E.2d at 125.

Nonetheless, we note that the issue before this court—namely, to what extent can the prosecutor comment upon the defendant's failure to call an alibi witness who was first injected into the case as a result of the testimony of a State witness—should never have arisen. Indeed, the issue should never have arisen in any of the following cases where similar events occurred because it makes no sense for the State *ever* to present a defendant's alibi through the State's witnesses: *Kubat* (94 Ill. 2d at 498, 447 N.E.2d at 275 (where the State initially had brought out at trial the name of the defendant's alibi witness yet a defense witness also testified regarding defendant's alibi, the prosecutor properly commented upon defendant's failure to call the witness)); *Eddington* (129 Ill. App. 3d at 777, 473 N.E.2d at 125 (where the only evidence of defendant's alibi witnesses was introduced through a State witness, the prosecutor improperly commented upon defendant's failure to call alibi witnesses)); and *Lawrence* (259 Ill. App. 3d at 627-28, 631 N.E.2d at 860 (where the State initially had brought out at trial the defendant's alibis and defendant later testified regarding numerous alibi witnesses, the prosecutor improperly commented upon defendant's failure to call alibi witnesses)).

In the present case, for example, Young testified that he arrested defendant, who then said that he was not involved in the murder nor did he know anything about it. He further told the officer that, although he knew his alleged accomplices, he had not seen them for a month.

After eliciting this testimony, the prosecutor then asked Young if defendant said where he was on the evening in question. In response, Young testified that defendant told Young of the purported alibi, identifying his mother and Bolden as his apparent alibi witnesses.

The record reveals no possible benefit to the prosecutor's eliciting defendant's purported alibi from the police officer. Not only was doing so bad trial tactics, it also provided defendant with his only argument that reversible error had been committed by the prosecutor during his closing argument when he commented upon defendant's failure to call Bolden to testify.

Defendant would have had no basis to challenge the prosecutor's closing argument on this point if the prosecutor had not initially presented defendant's alibi. *Only* because the prosecutor first elicited reference to Bolden through the officer does this court now have to address the issue regarding the allegedly improper closing argument.

Had the prosecutor not asked the officer about defendant's whereabouts on the evening in question—thus establishing defendant's alibi through the officer's testimony—defendant would not have been permitted on cross-examination of the officer to elicit the same testimony. That is because statements made by a party opponent are admissible as an exception to the hearsay rule if otherwise relevant (*People v. Shaw*, 278 Ill. App. 3d 939, 951, 664 N.E.2d 97, 105 (1996))—here, the State could introduce defendant's statements—but the party himself cannot introduce his prior statements (*People v. Patterson*, 154 Ill. 2d 414, 452, 610 N.E.2d 16, 33 (1992) ("[s]elf-serving statements by an accused are inadmissible hearsay"); *People v. Barnwell*, 285 Ill. App. 3d 981, 989, 675 N.E.2d 148, 154 (1996) (criminal defendant's exculpatory statements made to police constitute inadmissible hearsay, as would be the case with any out-of-court, self-serving declaration by a party not subject to any exception recognized by the hearsay rule); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.1, at 669-72 (6th ed. 1994)). In almost all circumstances, if a defendant wishes to inform the trier of fact of where defendant *personally* claims to have been when the crime at issue was committed, he must testify at trial.

Perhaps uncertainty by prosecutors regarding this rule accounts for the large number of cases in which the State first presents the defendant's alibi through witnesses for the State. As a matter of simple trial tactics, trial lawyers—including prosecutors—should ask themselves when conducting direct examination of the witnesses they call, "how does eliciting the following information help my case and damage the other side?" Judged accordingly, for a prosecutor to elicit a defendant's alibi through State witnesses simply makes no sense.

### III. DEFENDANT'S SUPPLEMENTAL *PRO SE* BRIEF

■ In January 1996, the trial court appointed the office of the State Appellate Defender (OSAD) to represent defendant. In December 1996, OSAD filed a brief on defendant's behalf in this case. Defendant subsequently filed a *pro se* supplemental brief, which set forth several issues OSAD did not raise. In *People v. Handy*, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046 (1996), this court held that a *pro se* motion filed while defendant in a criminal case is represented

by counsel is "not properly before the court." In *Handy*, this court wrote:

> " '[A trial court has] no responsibility to entertain [a] defendant's *pro se* motions during the time he was represented by counsel. \*\*\* A defendant, when represented by competent counsel, must not be permitted to proceed unfettered, to file a stream of *pro se* motions \*\*\*. \*\*\*
>
> \*\*\*
>
> \*\*\* [A] defendant is not entitled to a "hybrid trial" where he alternates between proceeding *pro se* and being represented by counsel.' " *Handy*, 278 Ill. App. 3d at 836, 664 N.E.2d at 1047, quoting *People v. Pondexter*, 214 Ill. App. 3d 79, 87-88, 573 N.E.2d 339, 345 (1991).

In *People v. Neal*, 286 Ill. App. 3d 353, 355, 675 N.E.2d 130, 131 (1996), this court held that a *pro se* motion to reduce sentence filed while the defendant was represented by appellate counsel was not properly before the trial court. In so holding, this court wrote as follows:

> "[D]efendant had the benefit of trial counsel who did not deem the filing of a motion to reduce sentence to be appropriate. The defendant had the benefit of the original appeal upon all of the issues OSAD chose to raise. Moreover, we note that OSAD, on this appeal, rejected the grounds set forth in defendant's *pro se* motion."

Although *Handy* and *Neal* address matters at the trial level, their rule applies equally at the appellate level. If a defendant is represented by appellate counsel (either appointed or private), he has no right to a "hybrid appeal" in which he alternates between being represented by counsel and proceeding *pro se* by filing a supplemental *pro se* brief. Thus, on this court's own motion, we strike defendant's *pro se* brief and decline to address it or consider it in any way.

## IV. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

JUSTICE COOK, dissenting:

Judges in civil cases should be reluctant to give a missing witness instruction (Illinois Pattern Jury Instructions, Civil, No. 5.01 (3d ed. 1995) (hereinafter IPI Civil 3d No. 5.01)) unless the witness is truly accessible only to one party. Cases should be decided on the basis of the evidence presented, not by bickering over who is to blame for supposed evidence not presented. If a party is compelled to call all

possible witnesses in order to avoid the missing witness instruction, cumulative testimony and unduly lengthy trials will be the result. In criminal cases judges must be even more careful than in civil cases. There is no missing witness instruction in criminal cases, and comment on missing witnesses may violate (1) the defendant's right to remain silent and (2) the defendant's presumption of innocence, as it is impermissible for the prosecution to attempt to shift the burden of proof to the defendant. The State has the burden of proving defendant guilty beyond a reasonable doubt as to an alibi defense together with all the other elements of the offense. 720 ILCS 5/3—2(b) (West 1994).

Apart from alibi cases, it is generally improper for the prosecution to comment on an accused's failure to call a witness. *People v. Adams*, 109 Ill. 2d 102, 120, 485 N.E.2d 339, 345 (1985). It is impermissible for the prosecution to attempt to shift the burden of proof to the defense. The defense is under no obligation to present any evidence. *People v. Phillips*, 127 Ill. 2d 499, 527, 538 N.E.2d 500, 511 (1989). However, the prosecution may comment on the fact that pieces of evidence stand undenied or unexplained. *Fly*, 249 Ill. App. 3d at 736-37, 619 N.E.2d at 825; *People v. Brown*, 222 Ill. App. 3d 703, 718, 584 N.E.2d 355, 365-66 (1991). Where the prosecution has presented evidence tending to show guilt and defendant "fails to bring in evidence within his control in explanation or refutation, his omission to do so is a circumstance entitled to some weight in the minds of the jury, and, as such, is a legitimate subject of comment by the prosecution." *Williams*, 40 Ill. 2d at 529, 240 N.E.2d at 649 (ballistics expert testified regarding gun similar to defendant's; defendant failed to produce his gun for tests); *Brown*, 222 Ill. App. 3d at 718, 584 N.E.2d at 365-66; *People v. Howard*, 147 Ill. 2d 103, 147, 588 N.E.2d 1044, 1062 (1991). It is more likely that *evidence* will be under defendant's control than it is that *witnesses* will be under defendant's control. Where the comment is not directed to particular evidence or a particular theory, but to defendant's general failure to produce evidence, there is error. *Nevitt*, 135 Ill. 2d at 451-52, 553 N.E.2d at 379 (remarks focused "on the absence of witnesses to show where the defendant was at that time"); *Phillips*, 127 Ill. 2d at 527, 538 N.E.2d at 511 (once a defendant has presented evidence, that evidence is within the reach of appropriate comment).

There are suggestions in some of the older cases that comment is always appropriate when the defendant fails to call an alibi witness, whether or not that witness is equally accessible to the prosecution, that the only question is whether the "defendant injects into the case the name of an alibi witness." *Kubat*, 94 Ill. 2d at 498, 447 N.E.2d at

275; *Mays*, 3 Ill. App. 3d at 514, 277 N.E.2d at 548 (potential alibi witnesses are "deemed unavailable" to the prosecution). If that is correct, then a defendant in a civil case has more protection than a defendant in a criminal case. Comment is improper in a civil case where the witness is equally available to the adverse party. See IPI Civil 3d No. 5.01. If the witness' testimony would be favorable, the party should call that witness, not complain that the other party has not done so.

There was a time when the prosecution in a criminal case was unfairly disadvantaged with regard to alibi defenses. As the court said in *People v. Sanford*, 100 Ill. App. 2d 101, 105, 241 N.E.2d 485, 487 (1968):

> "There is nothing in the record to indicate that the State knew prior to defendant's testimony that he would claim an alibi or whom he would name as witnesses to support his story that he was in another place at the time of the crime. The defendant knew who they were and could have had them on hand, the State could not. After the witnesses were named, the trial would have had to be recessed, perhaps to some other day, for the State to have subpoenaed them."

Those problems were eliminated, however, once Supreme Court Rule 413 (134 Ill. 2d R. 413) was interpreted to require advance disclosure of alibi defenses. See *People ex rel. Carey v. Strayhorn*, 61 Ill. 2d 85, 329 N.E.2d 194 (1975).

In the days when a party could not impeach his own witness, there was an additional danger in calling a witness with ties to the adverse party. Even if that witness could be located and brought into court, there was always the possibility that the witness would commit perjury, and the party calling the witness would be stuck with the testimony. Under Rule 238 (134 Ill. 2d R. 238), however, effective April 1, 1982, the credibility of a witness may be attacked by any party, including the party calling him. The rule allows the party calling such a witness to impeach him by proof of prior inconsistent statements. The same rule applies in criminal cases. See 134 Ill. 2d R. 433. The mere fact that potential alibi witnesses are listed in defendant's discovery answers does not establish that they are more accessible to the defense than to the prosecution. *Lawrence*, 259 Ill. App. 3d at 626-27, 631 N.E.2d at 859; *cf. People v. Navarrete*, 258 Ill. App. 3d 39, 46, 629 N.E.2d 742, 747 (1994) (witness not equally available if witness would likely be biased against the State). If a defense alibi witness refuses to speak to the prosecution, however, the witness should be considered inaccessible to the prosecution.

The more recent cases make it clear that alibi witnesses must in

fact be unavailable to the prosecution before the prosecution may comment on their absence. *People v. Bramlett*, 276 Ill. App. 3d 201, 205-06, 658 N.E.2d 510, 514 (1995); *People v. Alexander*, 184 Ill. App. 3d 855, 863-64, 540 N.E.2d 949, 954 (1989); *Eddington*, 129 Ill. App. 3d at 777, 473 N.E.2d at 125. Both in alibi cases and in nonalibi cases it must be shown that the witness is more accessible to the defendant or under the defendant's control before the prosecutor may comment on defendant's failure to call him.

Witnesses are accessible only to the defendant where the defendant refers to them by their first names only and discloses neither an address nor a telephone number. *Bramlett*, 276 Ill. App. 3d at 206, 658 N.E.2d at 514; *Adams*, 109 Ill. 2d at 112-13, 485 N.E.2d at 341 (defendant said he was with Shirley McClaine, but police found no evidence of a person by that name, and defendant refused to take them to her home). When the disclosure is not made until trial, comment is appropriate. *Anderson*, 250 Ill. App. 3d at 453, 620 N.E.2d at 1291 (no mention of Bobby Green until the prosecutor asked defendant at trial "who were you with?"); *Talley*, 152 Ill. App. 3d at 984, 504 N.E.2d at 1326 ("alibi witnesses first asserted by the defendant in response to cross-examination by the State"). Both aspects of accessibility, lack of identification and late disclosure, were present in *Blakes* (63 Ill. 2d 354, 348 N.E.2d 170). In *Blakes*, defendant during discovery named four persons who could establish his whereabouts at the time of the robbery, including the manager of the Inman Hotel. At trial, however, defendant testified he was at Neal's Lounge at the time of the robbery. On cross-examination defendant named several people who were there, whom he had not named before, and "a lot of others, but I can't remember everybody's name." *Blakes*, 63 Ill. 2d at 357, 348 N.E.2d at 172. The prosecution was accordingly allowed to comment on defendant's failure to call alibi witnesses.

Even where the issue of alibi is injected by the defense, and even where the witness is inaccessible to the prosecution, there are situations where comment is improper. Comment is not allowed where the witness is inaccessible both to the prosecution and to the defense. *Bramlett*, 276 Ill. App. 3d at 206, 658 N.E.2d at 514; *Lawrence*, 259 Ill. App. 3d at 627, 631 N.E.2d at 859 (defendant attempted to subpoena witness, but address was incorrect). Comment is not appropriate where there is a reason for defendant's failure to call the witness, such as where the witness could be impeached with a felony conviction. *Lawrence*, 259 Ill. App. 3d at 627, 631 N.E.2d at 859. Comment is not appropriate where the unproduced witness' testimony would be merely cumulative. *Chuhak v. Chicago Transit Authority*, 152 Ill. App. 3d 480, 489, 504 N.E.2d 875, 881 (1987). In contrast to

prosecutors, defendants are allowed to comment on the prosecution's failure to call a witness only where the uncalled witness has testimony unique to the case. *Fly,* 249 Ill. App. 3d at 738, 619 N.E.2d at 826.

Nothing suggests Bolden was inaccessible to the prosecution in this case. Defendant had listed Bolden's name and address in his response to discovery. Bolden was both identified and timely disclosed. If the prosecution truly believed that Bolden would have refuted defendant's alibi, the prosecution would have called her to do so and not relied on a negative inference.

The majority opinion limits its discussion to whether the alibi defense here was injected into the case by defendant or the prosecution. A defendant considering an alibi defense must weigh the possibility that the jury will convict him, not because it believes the prosecution case, but because it disbelieves his evidence of alibi. *United States v. Robinson,* 602 F.2d 760, 762 (6th Cir. 1979) (instruction should explain that is improper); see also 2 C. Wright, Federal Practice & Procedure § 491 (2d ed. 1982). It is wrong for the prosecution to inject into the trial a defense that the defendant chooses not to make, just so the prosecution may comment on the defendant's failure to produce witnesses. The majority offers some advice to prosecutors that they should avoid presenting alibi evidence. My guess is that prosecutors know better than we do what works with a jury and that the frequent mention of alibis by prosecution witnesses is no accident.

Giving notice of a potential alibi defense does not obligate defendant to present that defense. *Nevitt,* 135 Ill. 2d at 450, 553 N.E.2d at 378-79 (error to comment; defendant's only reference to alibi contained in a pretrial pleading not in evidence). That is not to say that the prosecution must ignore a defendant's pretrial statement that he was with X at the time the offense was committed. The prosecutor certainly may call X as a witness to deny that defendant was with him and the prosecutor no doubt would do that if that is what X would say.

The cases that have sought to prevent the prosecution from injecting the alibi defense (or prevent the defense from injecting it while avoiding comment on it) have attempted to lay down some rules that have not worked well. A defendant in fact may interject the defense without taking the stand, by simply calling the alibi witness. A defendant who does take the stand should not be allowed to avoid cross-examination on his statement that he was not at the crime scene. *Talley,* 152 Ill. App. 3d 971, 504 N.E.2d 1318; *Anderson,* 250 Ill. App. 3d at 453, 620 N.E.2d at 1291 ("[w]ho *were* you with?" (emphasis add-

ed)). In these cases, I would allow the prosecution to comment on defendant's failure to call alibi witnesses, if they were not equally accessible to the prosecution. *Cf. Kubat*, 94 Ill. 2d at 498, 447 N.E.2d at 275 (only question is whether "defendant injects into the case *the name* of an alibi witness" (emphasis added)); compare *Anderson*, 250 Ill. App. 3d at 454, 620 N.E.2d at 1291.

The majority suggests it does not matter that a State witness initially suggests potential alibi witnesses to the trier of fact and that defendant calls an alibi witness in response; that the prosecutor should be allowed to comment in that situation. The cases have consistently used the word "inject" or "interject" in addressing this issue, which indicates they are concerned with who first brings the issue into the case. In the present case, the prosecutor certainly injected the alibi defense and the names of the alibi witnesses. If defendant had not then called his mother, the prosecutor would have commented, not just that defendant did not produce Bolden but that defendant did not produce either witness. Perhaps the trial court would have sustained an objection at that point, but the message would have been received by the jury.

Comments that improperly suggest to the jury that defendant has a burden to prove his innocence are a serious matter and amount to constitutional error. In some cases, the appellate court has reversed for a new trial even though the trial court sustained an objection to the comment. *Lawrence*, 259 Ill. App. 3d at 628, 631 N.E.2d at 860; see *Eddington*, 129 Ill. App. 3d at 777, 473 N.E.2d at 125 (error not cured by general instructions on purposes of argument and burden of proof). In *Nevitt*, the supreme court stated that the comment could not have been a material factor in defendant's conviction where the court had the victim's statement and defendant had signed several confessions. *Nevitt*, 135 Ill. 2d at 453, 553 N.E.2d at 380. In *Fly*, where the trial court eventually gave a curative instruction and an undercover police officer testified that defendant had purchased cocaine from him, the appellate court held that defendant had suffered no prejudice. *Fly*, 249 Ill. App. 3d at 737, 619 N.E.2d at 825-26. In the present case, the prosecution's action was intentional, there was no curative instruction, and the court's overruling of the defense objection reinforced the jury's impression that it could properly consider defendant's failure to call Bolden. There was testimony from Jason Smith and Shain Ford that defendant was the one who killed the victim, but Smith and Ford were accomplices with a motive to exonerate themselves. I cannot say the error here was harmless beyond a reasonable doubt. I would reverse and remand for a new trial.