THIRD DIVISION

JUNE 12, 2002 

No. 1-99-4230

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. )

)

TOMMY THOMPSON, ) Honorable

) Michael B. Bolan,

Defendant-Appellant. ) Judge Presiding.

JUSTICE CERDA delivered the opinion of the court
:

Defendant, Tommy Thompson, whose convictions and sentences for first degree murder and armed robbery were affirmed by this court on direct appeal, appeals the order of the circuit court summarily dismissing his second petition for relief under the Post Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et
 
seq.
 (West 1998)) as procedurally barred.  In his second petition, defendant asserts a speedy trial violation as well as various claims of ineffective assistance of trial counsel and assertions of evidentiary errors committed by the circuit court during the course of his trial proceedings.  Defendant abandons those claims on appeal and, instead, challenges for the first time (1) the validity of Public Act 83-942, which effectively amended the Act to provide for, 
inter
 
alia
, summary dismissals of postconviction petitions after an initial review by the circuit court, (2) the propriety of the circuit court's order directing that his sentences for murder and armed robbery run consecutively, and (3) the constitutionality of his sentences as violative of his constitutional rights guaranteed under the fourteenth amendment of the federal constitution (U.S. Const., amend. XIV).  Defendant has also filed a 
pro
 
se
 supplemental brief on appeal, raising additional arguments concerning the effectiveness of his trial counsel and the fairness of both his trial and sentencing proceedings.

For the following reasons, we affirm.

BACKGROUND

Following a jury trial in mid-1995, defendant was convicted of three counts of first-degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 1994)), and two counts of armed robbery (720 ILCS 5/18-2 (West 1994), in connection with the shooting death of Chicago cab driver James Dryer.  The evidence introduced at trial established that in the early morning hours of July 22, 1992, defendant and his accomplice, Amir Richardson,
(footnote: 1) devised a plan to either rob someone or steal a car.  Richardson, whom defendant knew was armed with a handgun, eventually flagged down a cab being driven by Dryer.  Defendant and Richardson entered the vehicle and instructed Dryer to drive to an address near 119
th
 and Lowe streets in Chicago.

Upon arriving at the foregoing address, Richardson shot Dryer once in the back of the head.  Defendant then exited the vehicle, opened the driver's side door, and took $23 from Dryer's front pocket.

For his role in the incident, defendant was sentenced to extended terms of 70 years' imprisonment for murder and 35 years' imprisonment for armed robbery, the enhancement of each sentence being predicated upon the elderly age of the victim.  Defendant was further ordered to serve his sentences consecutively to one another.

On direct appeal, we affirmed defendant's convictions but vacated the judgments on two of the murder counts and on one of the armed robbery counts.  We further vacated defendant's sentence for armed robbery and imposed a term of 30 years' imprisonment.  
People v. Thompson
, No. 1-95-4424 (March 12, 1998) (unpublished order pursuant to Supreme Court Rule 23).  Defendant's leave for appeal with our supreme court was thereafter denied on September 12, 1998.

On December 4, 1998, defendant filed 
pro
 
se
 for postconviction relief under the Act, alleging various claims of ineffective assistance of both trial and appellate counsel.  Finding defendant's postconviction allegations to be frivolous and patently meritless, the circuit court dismissed defendant's petition on January 28, 1999.  While he initially sought review with this court in February 1999, defendant voluntarily abandoned his appeal on September 21, 1999.

While his original appeal was pending, defendant filed a second postconviction petition, again asserting ineffective assistance on the part of his trial attorney as well claims that he was denied his constitutional right to a speedy trial and that he was deprived of a fair trial by the introduction of improper and highly inflammatory evidence.  Finding defendant's postconviction claims procedurally barred, the circuit court dismissed defendant's second petition as frivolous on September 20, 1999.  Defendant's timely appealed followed.

ANALYSIS

I.

We initially address the State's motion to strike defendant's 
supplemental 
pro
 
se
 brief, which was ordered taken with the case.  Defendant is presently represented by the State Appellate Defender, which has submitted opening and reply briefs on defendant's behalf raising and briefing several assertions of error which purportedly entitle defendant to relief.  By his 
pro
 
se
 brief, defendant raises points that are not presented and argued by his appointed counsel.

As the State observes, a defendant has no right to both self-representation and the assistance of counsel.  
People v. McDonald
, 168 Ill. 2d 420, 435, 660 N.E.2d 832, 838 (1995); 
People v. Lighthall
, 175 Ill. App. 3d 700, 704-05, 530 N.E.2d 81, 84 (1988).  If a defendant is represented by appellate counsel, whether appointed or privately retained, he has no right to a "hybrid appeal" in which he alternates between being represented by counsel and proceeding 
pro
 
se
 through the filing of a supplemental 
pro
 
se
 brief.  
People v. Woods
, 292 Ill. App. 3d 172, 179, 684 N.E.2d 1053, 1058 (1997).  Defendant, therefore, has no right to present his 
pro
 
se
 arguments to this court (see 
McDonald
, 168 Ill. 2d at 435, 660 N.E.2d at 838; 
Woods
, 292 Ill. App. 3d at 179, 684 N.E.2d at 1053; 
Lighthall
, 175 Ill. App. 3d at 705, 530 N.E.2d at 81), and accordingly we grant the State's motion and strike defendant's supplemental 
pro
 
se
 brief.

II.

A claim for postconviction relief under the Act is not an appeal from the underlying trial proceedings but, rather, represents a collateral attack on the earlier judgment of conviction or sentence in which the defendant seeks to establish federal or state constitutional violations that escaped earlier review.  
People v. Henderson
, 171 Ill. 2d 124, 131, 662 N.E.2d 1287, 1292 (1996).

As noted, defendant appeals from the dismissal of his 
second
 postconviction petition.  As such, defendant faces a daunting procedural hurdle in seeking relief.  
People v. Jones
, 191 Ill. 2d 354, 358, 732 N.E.2d 573, 575 (2000).  That is because the Act contemplates the filing of only one postconviction petition.  
People v. Flores
, 153 Ill. 2d 264, 273, 606 N.E.2d 1078, 1082 (1992).

The scope of postconviction relief is limited, through considerations of waiver and 
res
 
judicata
, "to constitutional matters that neither have been, nor could have been, previously adjudicated."  
People v. Hudson
, 195 Ill. 2d 117, 122, 745 N.E.2d 1246, 1250 (2001).  All issues that were actually decided on direct appeal are 
res
 
judicata
 (
People v. Orange
, 195 Ill. 2d 437, 456, 749 N.E.2d 932, 938 (2001); 
People v. Mahaffey
, 194 Ill. 2d 154, 170, 742 N.E.2d 251, 261 (2000)), and those issues that could have been raised on review, but were not, are deemed waived.  
People v. Owens
, 129 Ill. 2d 303, 315, 544 N.E.2d 276, 281 (1989); 
Flores
, 153 Ill. 2d at 274, 606 N.E.2d at 1083.  Further, issues raised in an original or amended postconviction petition and decided by the circuit court have 
res
 
judicata
 effect, precluding reconsideration of those points in a subsequent postconviction proceeding.  
Orange
, 195 Ill. 2d at 449, 749 N.E.2d at 939.  Similarly, any claims not raised in the original or amended petition are deemed waived. 725 ILCS 5/122-3 (1996);
 
Jones
, 191 Ill. 2d at 358, 732 N.E.2d at 575.

On appeal, defendant argues: certain legislation that amended the Act, P.A. 83-942, violates the single subject rule of Article IV, section 8 of the Illinois Constitution (Ill. Const.1870, art. IV, § 8); the circuit court had no basis upon which to order his sentences to run consecutively; and his extended term and consecutive sentences, if properly imposed, offend the constitutional mandates expressed in 
Apprendi
.  These issues are not presented in the postconviction petition subject to this appeal and were neither raised on direct appeal nor in defendant's original postconviction petition.

As recently explained by our supreme court, the determination of claims raised in a successive postconviction petition that are barred by waiver and 
res
 
judicata
 are to be considered in terms of cause-and-prejudice.  
People v. Pitsonbarger
, No. 89368, slip op. at 10 (May 23, 2002).  Where no claim is made that the petitioner suffers from a miscarriage of justice, 
i.e.
 actual innocence, the petitioner must show good cause for failing to raise his claims in the initial postconviction proceeding and actual prejudice resulting from the claimed errors.  
Pitsonbarger
, slip op. at 13; 
Jones
, 191 Ill. 2d at 358, 732 N.E.2d at 575-76.  "Cause," in this context, "refers to any objective factors, external to the defense, which impeded the petitioner's ability to raise a specific claim in the initial post-conviction proceeding."  
Pitsonbarger
, slip op. at 13.  That is, the petitioner "must show how the deficiency in the first proceeding affected his ability to raise each specific claim."  
Pitsonbarger
, slip op. at 14.

At no point does defendant here ever attempt to explain how he was precluded from raising his claims during his initial postconviction proceeding.  This is not surprising since defendant never addresses the principles regarding the filing of successive postconviction petitions.  Defendant's failure to demonstrate cause for not raising his postconviction claims earlier justifies affirmance of the circuit court's judgment.  This procedural default aside, we will nonetheless address the merits of defendant's claims.

A.

Defendant initially contends P.A. 83-942, which, as noted, amended the Act to allow for 
the summary dismissal of postconviction petitions following initial review by the circuit court, was enacted in violation of the single subject rule.  As defendant concedes, this contention has been considered and expressly rejected by this court in 
People v. Roberts
, 318 Ill. App. 3d 719, 743 N.E.2d 1025 (2000), as well as by all other courts that have confronted this issue.  See 
People v. Stewart
, 326 Ill. App. 3d 933, 939, 762 N.E.2d 604, 609 (2001); 
People v. Vicles
, 321 Ill. App. 3d 937, 944, 748 N.E.2d 1219, 1226 (2
nd
 Dist. 2001); 
People v. Sharpe
, 321 Ill. App. 3d 994, 997, 749 N.E.2d 432, 434 (3
rd
 Dist. 2001); 
People v. Jones
, 318 Ill. App. 3d 1189, 1192, 744 N.E.2d 344, 347 (4
th
 Dist. 2001).  We adhere to 
Roberts
 and progeny and, accordingly, reject defendant's single subject challenge.

B.

Defendant next challenges the propriety of his extended term for murder and the imposition of consecutive sentences.  At the time of the commission of defendant's offenses, first degree murder
(footnote: 2) carried a prison term of not less than 20 years and not more than 60 years (730 ILCS 5/5-8-1(a)(1) (West 1994)).  To enhance defendant's murder sentence, the circuit court invoked section 5-8-2(a) of the Unified Code of Corrections (730 ILCS 5/5-8-2(a) (West 1994)), which authorizes an extended term of not less than 60 years and not more than 100 years in prison where it finds any of the aggravating factors listed in section 5-5-3.2(b) of the Corrections Code to be present.  730 ILCS 5/5-8-2(a) (West 1994).  One of the aggravating factors listed takes into consideration the elderly age of the victim and specifically suggests a more severe punishment for an offense committed "against a person 60 years of age or older or such person's property."  730 ILCS 5/5-5-3.2(b)(4)(ii) (West 1994).  Finding the victim in the present case to be 62 years of age at the time he was killed, the circuit court enhanced defendant's sentence for murder to 70 years.

While the circuit court further ordered defendant's sentences to run consecutively, the basis of the court's order is not clear from the record.  At all relevant times, section 5-8-4(a) of the Corrections Code stated in relevant part:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objection, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12-13 [criminal sexual assault] or 12-14 [aggravated criminal sexual assault] of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutive."   730 ILCS 5/5-8-4(a) (West 1994).

Paragraph (b) of the same section provided:

"The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant the basis for which the court shall set forth in the record."  730 ILCS 5/5-8-4(b) (West 1994).

The basis of the court's order of consecutive sentences was not stated by the judge at the court's sentencing hearing and is not specified in the formal sentencing 
mittimus
.  As defendant notes, the circuit court at one point during the sentencing hearing specifically cited section 5-8-4(a) and stated that consecutive sentences were mandated under certain circumstances.  At a later point, however, the court commented that defendant needed "to be segregated from society for society's protection," a finding, according to the court, that was a "factor[] of consideration in sentencing."  Hence, as defendant asserts, it is not entirely clear under what paragraph of section 5-8-4 consecutive sentences were imposed.  In any event, defendant claims his consecutive sentences cannot stand under either sentencing provision and invites us to analyze this issue under both sections.

i.

The version of section 5-8-4(a) involved here mandates the imposition of consecutive sentences where the offenses were committed by the defendant in a single course of conduct and one of the offenses was a triggering offense as delineated by statute.  
People v. Whitney
, 188 Ill. 2d 91, 96-97, 720 N.E.2d 225, 228 (1999); 
People v. Carney
, 327 Ill. App. 3d 998, __, 765 N.E.2d 1028, 1030 (2002).  In the present case, if the circuit court proceeded to impose consecutive sentences under section 5-8-4(a), the triggering offense was a Class X or Class 1 felony where defendant inflicted severe bodily injury.  See 730 ILCS 5/5-8-4(a) (West 1994).  Defendant's conviction of armed robbery, a Class X felony, is a proper triggering offense as delineated by the statute.

Defendant maintains consecutive sentences under section 5-8-4(a) are not permitted since the victim's death "was not proximately caused by or related to the Class X felony of armed robbery."  Rather, according to defendant, the victim's death "was proximately caused by or related to the offense of first degree murder," which, defendant correctly notes, is not a triggering offense under the sentencing statute.
(footnote: 3)  The "proximate cause/related to" test espoused by defendant, however, is not the applicable standard employed for purposes of section 5-8-4(a).

Our supreme court in 
Whitney
 examined the question of whether the triggering felony must involve the infliction of severe bodily harm to the victim of that felony to require consecutive sentences under section 5-8-4(a).  After noting a split among the districts concerning this issue, and particularly noting this court's position as expressed in 
People v. Medrano
, 282 Ill. App. 3d 887, 896-97, 669 N.E.2d 114 (1996), that the bodily harm be "proximately connected" to the triggering crime (
Whitney
, 188 Ill. 2d at 96, 720 N.E.2d at 227), the 
Whitney
 court stated section 5-8-4(a) mandates consecutive sentences "where the defendant has been convicted of either a Class X or Class 1 felony and where he had inflicted severe bodily injury 
during
 
the
 
commission
 
of
 
that felony.
"  (emphasis added.)  188 Ill. 2d at 98-99, 720 N.E.2d at 229.

In 
People v. Sample
, 326 Ill. App. 3d 914, 926, 761 N.E.2d 1199, 1209 (2001), this court examined 
Whitney
 in discussing the precise definition of the supreme court's phrase "during the commission" of the triggering felony.  In fixing a definition, the 
Sample
 court found significant the supreme court's treatment of 
Medrano
 and like cases employing a proximate connection test.  "Although the 
Whitney
 court recognized that several appellate courts had used the language of 'proximate connection' between the triggering felony and the injury, its adoption of the phrase 'during the commission' of the felony indicates that this is the preferred vocabulary."  
Sample
, 326 Ill. App. 3d at 926, 761 N.E.2d at 1209.  The 
Sample
 court then specifically drew upon death sentence jurisprudence regarding the timing of the offense for felony murder purposes to give some meaning to the "during the commission" standard.  
Sample
, 326 Ill. App. 3d at 927-28, 761 N.E.2d at 1209.  From this body of law the court concluded the standard announced in 
Whitney
 is met where commission of the triggering offense and infliction of the bodily harm, the precise timing of which not being dispositive, occurred "essentially simultaneously."  
Sample
, 326 Ill. App. 3d at 927-28, 751 N.E.2d at 1210.

In the present case, the requirement that the bodily injury be inflicted on the victim of the triggering felony is satisfied since there was only one victim.  With regards to the necessary connection between the triggering offense and the victim's bodily harm, the evidence shows defendant and Richardson planned to rob the victim prior to entering the victim's cab.  Upon being driven to the designated address, Richardson shot the victim in the head, prompting defendant to take a small amount of money from the victim's person and then flee the scene with his accomplice.  Notably, this court has recognized that while murder itself is not a triggering felony under the version of section 5-8-4(a) applicable here, the death of a victim during the commission of the triggering offense may provide the basis for a finding of severe bodily injury.  
Carney
, 765 N.E.2d at 1031; 
People v. Sergeant
, 326 Ill. App. 3d 974, 990, 762 N.E.2d 518, 532 (2001).  Based on the evidence, we conclude the victim's death, 
i.e.
, the severe bodily injury, occurred essentially simultaneously with the armed robbery and, hence, the victim's death occurred during the commission of the triggering crime as directed by 
Whitney
.  See 
Carney
, 765 N.E.2d at 1031 (finding victim's death occurred during the commission of the triggering offense of armed robbery to the victim where the defendant, while attempting to steal a small amount of money, briefly struggled with the victim, during which the victim was shot).

Defendant cites 
People v. Strickland
, 154 Ill. 2d 489, 609 N.E.2d 1366 (1992), and 
Medrano
 to support of his position.  We find defendant's reliance on 
Strickland
 misplaced since the link between the triggering felony and the bodily injury necessary under section 5-8-4(a) was never addressed in that case.  Indeed, the 
Strickland
 court never discussed the injury having to be proximately caused by the triggering offense.  Rather, the court limited its consideration to whether the offenses for which defendant was convicted were committed as a part of a single course of conduct during which there was no substantial change in the nature of the criminal objective.  
Strickland
, 154 Ill. 2d at 540-41, 609 N.E.2d at 1389.  See 
Carney
, 765 N.E.2d at 1031-32 (distinguishing 
Strickland
 on this basis in response to same argument advanced by defendant this case); 
Sample
, 326 Ill. App. 3d at 928, 761 N.E.2d at 1210) (same).

We are also unpersuaded by defendant's reliance on 
Medrano
.
  In 
Medrano
, the court held in part that consecutive sentences imposed pursuant to section 5-8-4(a) could not stand where the evidence did not establish a "proximate connection" between defendant's armed robbery and kidnaping of the victim and the injuries sustained by the victim as a result of the defendant's later attempt to murder her.  While, as noted in 
Carney
 and 
Sample
, the 
Medrano
 court provided no explanation or factual basis for its holding (
Carney
, 765 N.E.2d at 1032; 
Sample
, 326 Ill. App. 3d at 928, 761 N.E.2d at 1210), it did explain in a footnote that "[a]lthough section 5-8-4(a) does not specifically indicate that there must be a proximate connection between the Class X or Class 1 felony and the 'grievous bodily injury' suffered by the victim," *** "such is a reasonable interpretation of the statute's plain language[.]"  
Medrano
, 282 Ill. App 3d at 896 n.1, 669 N.E.2d at 120 n.1.  Thus, perhaps more noteworthy than 
Medrano
's failure to elaborate on his holding is the fact the 
Medrano
 court's interpretation of section 5-8-4(a) conflicts with the subsequent and recent construction given that provision by the supreme court in 
Whitney
.  In our view, 
Medrano
 is no longer persuasive authority regarding the requisite connection between the triggering offense and the victim's injury.

Because the victim's death was sufficiently connected to the commission of the armed robbery of that victim, and since defendant concedes the offenses for which he was convicted were committed in a single course of conduct, consecutive sentences were mandated under section 5-8-4(a) of the Corrections Code.  We therefore uphold defendant's consecutive sentences under that sentencing provision and, accordingly, need not consider whether consecutive sentences would have been proper under section 5-8-4(b).

ii.

Defendant additionally contends, citing 
People v. Miller
, 193 Ill. App. 3d 918, 552 N.E.2d 988 (1989), and 
People v. Biggs
, 294 Ill. App. 3d 1046, 691 N.E.2d 48 (1998), his consecutive sentences constitute impermissible double enhancement because the victim's death was used to support both his murder conviction and the circuit court's order that his sentences be served consecutively.  As applicable to defendant's argument, double enhancement occurs when a single factor is used both as an element of an offense 
and
 as an aggravating factor to warrant the imposition of a harsher sentence than might otherwise have been imposed.  
People v. Gonzalez
, 151 Ill. 2d 79, 83-84, 600 N.E.2d 1189, 1191 (1992); 
People v. Watkins
, 325 Ill. App. 3d 13, 18-19, 757 N.E.2d 117, 122 (2001).

This court has recently discussed the issue of whether consecutive sentences imposed pursuant to section 5-8-4(a) implicate double enhancement concerns.  In both 
Carney
 and 
Sample
, the courts, construing our supreme court's recent decisions in 
People v. Carney
, 196 Ill. 2d 518, 752 N.E.2d 1137 (2001), and 
People v. Wagener
, 196 Ill. 2d 269, 752 N.E.2d 430 (2001), as well as the court's decision in 
Whitney
, indicated that consecutive sentencing does not constitute improper double enhancement.  As explained by the supreme court, consecutive sentences constitute separate sentences for each crime of which the defendant has been convicted and affect only the manner in which the sentences are served; they do not alter the range of punishment for a given crime.  
Carney
, 196 Ill. 2d at 529-35, 752 N.E.2d at 1143-44; 
Wagener
, 196 Ill. 2d at 286, 752 N.E.2d at 430; see also 
Watkins
, 325 Ill. App. 3d at 20; 757 N.E.2d at 123.  Since the imposition of consecutive sentences does not constitute an increase in penalty, the courts reasoned that such sentences do not "enhance" punishment at all.  
Carney
, 765 N.E.2d at 1032; 
Sample
, 326 Ill. App. 3d at 931, 761 N.E.2d at 1212.  The courts further noted 
Whitney
 supports the position that 
any
 triggering offense as delineated by section 5-8-4(a), irrespective of the particular elements, that results in severe bodily injury being inflicted on the victim of that offense could be used to trigger mandatory consecutive sentences.  
Carney
, 765 N.E.2d at 1033; 
Sample
, 326 Ill. App. 3d at 931, 761 N.E.2d at 1212.

The court in 
People v. Phelps
, No. 1-99-4099 (March 29, 2002) recently took issue with the holdings of 
Carney
 and 
Sample
 that consecutive sentencing under section 5-8-4(a), no matter the triggering offense, never implicate double enhancement concerns.  The 
Phelps
 court believed the double enhancement principles set forth in 
People v. Ferguson
, 132 Ill. 2d 86, 97, 547 N.E.2d 429 (1987), where it was stated that while the legislature has the power to authorize further punishment based on an inherent element of an offense, it must clearly and unambiguously express that intention, could not be ignored.  According to the court, section 5-8-4(a) did not expressly indicate the legislature's intent to require consecutive sentences for Class X or Class 1 felonies that include severe bodily injury as an element of an offense.  
Phelps
, slip op. at 16.

The differences in opinion expressed by the foregoing cases does not impact our decision concerning the propriety of defendant's consecutive sentences in this case.  Regardless of whether we adopt the reasoning of the 
Carney
 and 
Sample
 opinions, or follow the position of the court in 
Phelps
, defendant's consecutive sentences do not violate principles of double enhancement.  The version of the armed robbery statute under which defendant was convicted does not include the infliction of severe bodily injury as an element of the crime.  See 720 ILCS 5/18-2(a) (West 1995) ("[a] person commits armed robbery when he or she violates Section 18-1 [the robbery statute, which is violated when a person "takes property from the person or presence of another by the use of force or by threatening the imminent use of force] while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon").  Indeed, the court in 
Phelps
 expressly recognized that section 5-8-4(a) requires consecutive sentencing where the defendant causes severe bodily harm in the course of committing a triggering offense that does not include severe bodily injury as an element of the offense, such as armed robbery.  Slip op. at 16.  Because severe bodily injury to the victim in this case was not an element of the triggering offense of armed robbery, defendant's consecutive sentences do not constitute impermissible double enhancement.

C.

Defendant lastly challenges the validity of his extended term sentence for murder and his consecutive sentences under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  
Pursuant to 
Apprendi
, 
federal due process (U.S. Const., amend. XIV) mandates that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

The record before us indicates that defendant's second postconviction petition was not filed within the applicable filing period set forth by the Act.  Indeed, defendant acknowledged at oral argument that his petition was untimely.

We note t
he first (
People v. Kizer
, 318 Ill. App. 3d 238, 252, 741 N.E.2d 1103, 1115 (2000)), second (
People v. Scullark
, 325 Ill. App. 3d 876, 892, 759 N.E.2d 565, 581 (2001)
), fifth (
People v. Coulter
, 321 Ill. App. 3d 644, 659, 748 N.E.2d 240, 251 (2001)), and sixth (
People v. Montgomery
, No. 1-00-0497, slip op. at 14 (December 28, 2001)) divisions of this court have found 
Apprendi
 inapplicable to collateral proceedings.  However, this particular division in 
People v. Beachem
, 317 Ill. App. 3d 693, 706, 740 N.E.2d 389, 397 (2000), as well as the fourth division in 
People v. Burns
, No. 1-99-4030, slip op. at 13 (March 29, 2001), have determined that 
Apprendi
 applies retroactively to cases pending on collateral review.

Significantly, we stated in 
Beachem
 that "
Apprendi
 applies to a 
timely
-filed postconviction petition."  (emphasis addded.) 317 Ill. App. 3d at 706, 740 N.E.2d at 397.  Recently, in 
People v. Walker
, No. 1-00-0948, slip op. at 12-13 (May 15, 2002), we noted our consideration of 
Apprendi
's retroactive application in 
Beachem
 was limited to timely, first petitions for postconviction relief and, thus, we did not directly confront the issue of whether 
Apprendi
's ruling extends to an untimely-filed petition.  In 
Walker
, we shed some light on this matter, holding that 
Apprendi
 may apply retroactively to an untimely-instituted postconviction petition where the defendant's delay in filing for relief was not occasioned by his culpable negligence as provided for by section 122-1 of the Act.  Slip op. at 15-16.

The instant case presents the question of whether an 
Apprendi
 claim should be recognized in an untimely 
and
 successive postconviction proceeding.  This issue was resolved in 
People v. Jones
, 321 Ill. App. 3d 515, 523, 747 N.E.2d 1074, 1081 (2001), where this court held that 
Apprendi
 has no application to untimely, successive postconviction proceeding.  We recognize the Third District appellate court has expressed a different view in 
People v. Lee
, 326 Ill. App. 3d 882, 762 N.E.2d 18 (2001), 
appeal
 
granted
 No. 93211 (April 3, 2002).  There, the reviewing court found an 
Apprendi
 challenge cognizable despite defendant first raising his challenge in an untimely, successive post-conviction petition.  We reject 
Lee
 and adhere to the ruling in 
Jones
 that 
Apprendi
 claims are not cognizable to untimely, successive postconviction petitions.  Accordingly, defendant's 
Apprendi
 challenges to his extended-term and consecutive sentences are not cognizable on this appeal.

CONCLUSION

For the foregoing reasons, the order of the circuit court summarily dismissing defendant's second petition for postconviction relief is affirmed.

Affirmed.

WOLFSON and SOUTH, JJ., concur.

FOOTNOTES
1:     
 Richardson was convicted of first-degree murder and armed robbery in a simultaneous severed bench trial.

2:
While the circuit court entered judgment on the jury's general verdict for the State's charges of intentional, knowing and felony murder, this court on defendant's original appeal vacated the latter two murder convictions and allowed only defendant's conviction for intentional murder, the most serious of the offenses, to stand.  
Thompson
, slip op. at 15.

3:
Effective January 1, 2000, the General Assembly amended section5-8-4(a) to include first degree murder as a triggering offense.  730 ILCS 5/5-8-4(a) (West 2000).