No. 3--99--0668

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2001

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 21st Judicial Circuit,

       )  Kankakee County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 97--CF--142

  )

TEWAYNE SHARPE,                 )  Honorable

  )  Daniel W. Gould,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

PRESIDING JUSTICE HOMER delivered the opinion of the court:

________________________________________________________________

Following a jury trial, defendant Tewayne Sharpe was convicted of home invasion (720 ILCS 5/12--11(a)(1) (West 1996)).  The court subsequently sentenced him to 12 years' imprisonment.  On direct appeal, this court affirmed.  
People v. Sharpe
, No. 4--97--0573 (1998) (unpublished order under Supreme Court Rule 23).  Defendant then filed a timely 
pro
 
se
 petition for postconviction relief.  The circuit court summarily dismissed the petition as frivolous and without merit.  Defendant appeals.

The sole issue before us is whether Public Act 83--942 (Pub. Act 83--942, eff. November 23, 1983), which amended the Post-Conviction Hearing Act (725 ILCS 5/122--1 
et
 
seq.
 (West 1998)), violates the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, §8(d)).  Although this issue was not presented in the circuit court, defendant is not precluded from raising it on appeal.  
People v. Wooters
, 188 Ill. 2d 500, 722 N.E.2d 1102 (1999).

The single subject clause of this state's constitution provides that "[b]ills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject."  Ill. Const. 1970, art. IV, §8(d).  "Single subject" challenges require a two-tiered analysis-- looking first to the act's stated subject and then to its content.  
Arangold Corp. v. Zehnder
, 187 Ill. 2d 341, 361-62, 718 N.E.2d 191, 203 (1999) (Freeman, C.J., concurring, joined by Rathje, J.).  An act is unconstitutional (1) if the stated subject is so broad as to frustrate the very purpose of the single subject clause, or (2) if the various provisions within the act do not all relate to the proper subject at issue.  
Arangold
, 187 Ill. 2d at 361-62, 718 N.E.2d at 203.

Public Act 83--942, entitled "An Act in relation to criminal justice and correctional facilities," added section 122--2.1 of the Post-Conviction Hearing Act (now see 725 ILCS 5/122--2.1 (West 1998)).  Section 122--2.1 provides for summary dismissals of 
pro
 
se
 petitions which the trial court finds to be frivolous or patently without merit.  Public Act 83--942 also amended the Criminal Code of 1961 by expanding the scope of the offense of threatening a public official (now see 720 ILCS 5/12--9 
(West 1998)).  In addition, the act amended the Industrial Project Revenue Bond Act (now see 65 ILCS 5/11--74--1 
et
 
seq.
 (West 1998)), the Industrial Building Revenue Bond Act (now see 50 ILCS 445/1 
et
 
seq.
 (West 1998)) and the Civil Administrative Code of Illinois (now see 20 ILCS 5/1 
et
 
seq.
 (West 1998)).  These latter provisions address "correctional facilities." 

Defendant argues that the purpose of the legislation was to alleviate prison overcrowding.  Provisions expanding the scope of the offense of threatening a public official and narrowing the scope of postconviction relief, he contends, contravene that purpose.  Therefore, he concludes, the "criminal justice" provisions of the act have no legitimate relation to the "correctional facilities" provisions and violate the single subject rule.  In support of his argument, defendant cites 
People v. Cervantes
, 189 Ill. 2d 80, 723 N.E.2d 265 (1999).

In 
Cervantes
, our supreme court struck down Public Act 88--680, "An Act to create a Safe Neighborhoods Law" (Pub. Act 88--680, eff. January 1, 1995).  In so ruling, the court noted that the provisions of the act creating a Secure Residential Youth Care Licensing Act (730 ILCS 175/45--1 
et
 
seq.
 (West 1994) and amending the WIC Vendor Management Act (410 ILCS 255/1 
et
 
seq.
 (West 1992), bore no natural or logical connection  to the subject of enhancing neighborhood safety.  Having failed the "second tier" of single subject analysis, the act was held unconstitutional.  
Cervantes
, 189 Ill. 2d at 91-98, 723 N.E.2d at 270-74.

Following 
Cervantes
, our supreme court had occasion to review a single subject challenge to Public Act 89--8, "An Act in relation to criminal and correctional matters, amending named Acts" (Pub. Act 89--8, eff. March 21, 1995).  
People v. Malchow
, 193 Ill. 2d 413, 427-29, 739 N.E.2d 433, 442-43 (2000).  Because of the similarity of the stated subject of that act to Public Act 83-942, we believe that 
Malchow
 provides more guidance than 
Cervantes
.

In 
Malchow
, our supreme court first observed that the stated subject is to be construed liberally in favor of upholding the legislation.  
Malchow
, 193 Ill. 2d at 427, 739 N.E.2d at 442, citing 
People v. Reedy
, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999).  So construed, the court did not find "criminal and correctional matters" an overly broad single subject of legislation.  Then, examining the various provisions of the legislation, the court determined that all of the provisions related to the stated subject.  The court concluded, therefore, that the act was valid.  
Malchow
, 193 Ill. 2d at 428-29, 739 N.E.2d at 443.

After 
Malchow
, the First and Fourth Districts of the Illinois Appellate Court
 considered single subject challenges to Public Act 83--942.  
Roberts v. People
, 318 Ill. App. 3d 719 (2000), 
People v. Jones
, No. 4--00--0215 (February 7, 2001). Relying on 
Malchow
, the 
Roberts
 court first observed that "criminal justice and correctional facilities" was a proper single subject for legislation.  The court then concluded that the act passes constitutional muster because all of its provisions have a natural and logical relation to this single subject. 
 
Roberts
, 318 Ill. App. 3d at 734.

The 
Jones
 court, distinguishing 
Cervantes
, likewise rejected the defendant's single subject challenge.  The court found that all seven sections of Public Act 83--942 concerned criminal law or the administration of criminal justice.  Therefore, the court ruled that all of the provisions have a natural and logical connection to a legitimate single subject--the criminal justice system.  
Jones
, No. 4--00--0215, slip op. at 6.

In our opinion, the 
Roberts
 and 
Jones
 decisions upholding the constitutionality of Public Act 83--942 are soundly reasoned.  Unlike the legislation considered in 
Cervantes
, both the stated subject and the separate provisions of Public Act 83--942 withstand "single subject" analysis.  Accordingly, we affirm the trial court's dismissal of defendant's postconviction petition.

Affirmed.

 HOLDRIDGE and SLATER, J.J., concurring.