No. 2--00--0284

 

IN THE 

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court 

OF ILLINOIS, ) of Stephenson County.

)

Plaintiff-Appellee, ) 

) 

v. ) No. 97--CF--146 

) 

MICHAEL S. VILCES, ) Honorable 

) Charles R. Hartman,

Defendant-Appellant. ) Judge, Presiding.

 

Modified Upon Denial of Rehearing

JUSTICE CALLUM delivered the opinion of the court:

Defendant, Michael S. Vilces, pleaded guilty to one count of  calculated criminal drug conspiracy (720 ILCS 570/405(b) (West 1998)) and one count of controlled substance trafficking (720 ILCS 570/401.1(a) (West 1998)).  In exchange for his plea, the State dismissed a charge of unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(B) (West 1998)) and agreed to recommend concurrent 28-year terms of imprisonment.  The trial court accepted the plea agreement and sentenced defendant accordingly.  Defendant filed a postconviction petition, which the trial court dismissed as frivolous and patently without merit.  Defendant appeals the dismissal of the petition, arguing that (1) his guilty plea was involuntary, and (2) Public Act 83--942 (Pub. Act 83--942, eff. November 23, 1983) was passed in violation of the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, §8).  We affirm.

I. Voluntariness of Guilty Plea

Defendant first argues that his petition stated the gist of a meritorious constitutional claim and therefore the court erred in dismissing the petition.  Defendant contends that his guilty plea was involuntary and coerced because his attorney incorrectly advised him that, if he pleaded not guilty and went to trial, he would receive a sentence of at least 40 years’ imprisonment.  This argument is waived for two reasons.

First, defendant did not raise this issue in his postconviction petition.  The sole issue raised in his petition is that Public Act 80--1099 (Pub. Act. 80--1099, eff. February 1, 1978) was passed in violation of the single subject clause of the Illinois Constitution.  The argument about the voluntariness of defendant’s guilty plea was made for the first time in his motion to reconsider the court’s dismissal of the petition. It was too late to raise the issue at that time.  Section 122--3 of the Post-Conviction Hearing Act (725 ILCS 5/122–3 (West 1998)) provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." See also 
People v. Patterson
, 192 Ill. 2d 93, 146 (2000); 
People v. Wright
, 189 Ill. 2d 1, 12 (1999).

Defendant acknowledges that this issue was not raised in his postconviction petition, but invites us to treat the new issue raised in the motion to reconsider as either an amended petition or a successive postconviction petition.  We decline the invitation. In support of his argument, defendant cites 
People v. Watson
, 187 Ill. 2d 448 (1999), for the proposition that defendants are allowed to file amended petitions at the first stage of postconviction proceedings.  The simple answer to defendant’s assertion is that he did not file an amended petition. That avenue was available to him if he wished to raise additional claims.  He did not, however, seek leave of the court to file an amended petition, and there is no order of the court allowing him to do so.  Instead, defendant waited until his petition had been denied and then raised additional arguments in a motion to reconsider.  The only question properly before the court at that time was whether it had ruled correctly in dismissing the petition.  The additional issues raised in the motion to reconsider were not relevant to that question.  

Defendant asks us to apply a more lenient standard because he was proceeding 
pro
 
se
 and some leeway is granted to 
pro
 
se
 litigants in construing their pleadings.  What is involved here, however, is a matter of procedure.  Defendant raised issues for the first time in a motion to reconsider.  As we explained in 
People v. Fowler
, 222 Ill. App. 3d 157, 163 (1991), "[a] 
pro
 
se
 litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to 
pro
 
se
 litigants."

Defendant’s petition contained no claim that his plea was involuntary, and thus that claim is waived pursuant to section 122--3 and supreme court authority.

Nor could the claims in defendant’s motion to reconsider be considered as a successive postconviction petition.  The Post-Conviction Hearing Act contemplates the filing of only one postconviction petition.  
People v. Jones
, 191 Ill. 2d 194, 198 (2000).  The court’s ruling on the initial petition has 
res
 
judicata
 effect on all claims that were raised or that could have been raised in the initial petition.  
Jones
, 191 Ill. 2d at 198. The procedural bars to claims in a successive postconviction petition will be relaxed only where the defendant demonstrates cause for failing to raise the claims in the first petition and actual prejudice resulting from the claimed errors.  
People v. Flores
, 153 Ill. 2d 264, 279 (1992).  In this context, "cause" means some objective factor external to the defense that impeded efforts to raise the claim in an earlier proceeding.  
Jones
, 191 Ill. 2d at 199. Here, defendant could not establish cause for failing to raise the claims in the initial petition.  The facts forming the basis for the claim were entirely within defendant’s knowledge and were available to him when he filed the petition.  Defendant has cited no objective external factors that prevented him from raising the involuntariness claim before he filed his motion to reconsider.

The second reason defendant’s argument is waived is that he could have raised the issue in a direct appeal.  A proceeding under the Post-Conviction Hearing Act is a collateral attack on a judgment of conviction, and the inquiry in such a proceeding is limited to allegations of constitutional violations that were not and could not have been raised previously.  
People v. Steidl
, 177 Ill. 2d 239, 249 (1997).  Rulings on issues that were raised on direct appeal are 
res
 
judicata
, and issues that could have been raised, but were not, are waived.  
People v. Ward
, 187 Ill. 2d 249, 257 (1999). 

Here, if defendant wished to contest the voluntariness of his plea, he should have filed a motion to withdraw his guilty plea pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d) (now Official Reports Advance Sheet No. 23 (November 15, 2000), R. 604(d), eff. November 1, 2000)).  The trial court fully admonished defendant in accordance with Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b) (now Official Reports Advance Sheet No. 24 (November 29, 2000), R. 605(b), eff. November 1, 2000)).  If defendant had filed a motion to withdraw the plea and the court denied it, he could have filed a direct appeal of the denial and argued that his plea was involuntary and that the motion should have been allowed.  As the supreme court has explained, a defendant challenging the voluntariness of his guilty plea waives the issue in a postconviction proceeding if he could have raised it, but did not, in a motion to withdraw his plea or in a direct appeal.  
People v. Hampton
, 165 Ill. 2d 472, 478 (1995).  

It is true that defendant is relying on materials outside the original record (his affidavit that his attorney told him that he would be sentenced to at least 40 years if he went to trial) and that the waiver rule is relaxed in postconviction proceedings when a defendant’s claim depends upon material outside the original record (
Ward
, 187 Ill. 2d at 257).  That principle would not apply here, however, because the material upon which defendant relies 
should
 have been part of the original record.  

In 
People v. Stewart
, 123 Ill. 2d 368 (1988), the supreme court was faced with an involuntary guilty plea claim that was raised in a postconviction petition.  The defendant had not raised the issue in his motion to withdraw his guilty plea or on direct appeal, and the court found that the defendant had waived the issue.  The court pointed out that Rule 604(d) requires that a defendant wishing to appeal from a plea of guilty must first move to withdraw the plea, and, if the defendant is relying on facts outside the record, must support those facts by affidavit. The rule also provides that issues not raised in the motion to withdraw the plea are waived. 
Stewart
 thus rejected the argument that waiver should be relaxed in the postconviction proceeding:

"Thus, by its explicit terms, Rule 604(d) states that issues not preserved in a motion to vacate a guilty plea are waived.  The waiver rule applies to post-conviction proceedings as well as to appeals. [Citation.] Also, the rule specifically allows for introduction of extra-record facts by affidavit, so the defendant’s 'off-the-record' argument is unavailing.

Any allegations relating to the defendant’s subjective confusion or lack of understanding could have been supported by affidavits at the motion-to-vacate stage.  Because they were not, we find that the issue has been waived." 
Stewart
, 123 Ill. 2d at 374.

Here, as in 
Stewart
, the facts that defendant needed to state his claim were entirely within his knowledge at the time a motion to withdraw the plea should have been filed.  Defendant states in his affidavit that his attorney told him that he would be sentenced to a term of 40 to 80 years’ imprisonment if he rejected the plea agreement and was convicted after a trial.  The record shows that, when the trial judge accepted the plea agreement, he fully and properly admonished defendant of the permissible range of sentences.  Defendant told the trial court that he understood. Thus, defendant could have raised this claim in a motion to withdraw the plea and, if necessary, in a direct appeal.  Instead, defendant waited 23 months and then raised the issue in a motion to reconsider the dismissal of a postconviction petition. As defendant’s argument could have and should have been raised in an earlier proceeding, he has waived consideration of it at the postconviction stage.

Defendant contends that waiver does not apply because he did not file a direct appeal.  Defendant relies on 
People v. Bonilla
, 170 Ill. App. 3d 26, 29 (1988), which states that waiver in postconviction cases applies only to those defendants who filed direct appeals. According to 
Bonilla
, defendants who raise 
some
 issues on direct appeal waive all constitutional issues not raised, but defendants who raise 
no
 issues on direct appeal preserve all constitutional issues.

Assuming 
arguendo
 the validity of such a rule, it has no application here because defendant sought to challenge the voluntariness of his guilty plea based on facts entirely within his knowledge and did not move to withdraw the plea as required by Rule 604(d).  The defendant contends that the Post-Conviction Hearing Act is available for those defendants who do not follow Rule 604(d)'s requirements for challenging guilty pleas.  The Act, however, provides a possible remedy only for those constitutional claims that could not have been previously adjudicated.  Thus, a defendant whose voluntariness claim depends on facts not available to him at the time for filing a motion to withdraw the plea could raise such an issue at the postconviction stage.  Also, a defendant could argue in a postconviction proceeding that he wished to challenge the voluntariness of the plea but that his attorney was ineffective for failing to file a motion to withdraw the guilty plea. This procedure was outlined by the supreme court in 
People v. Wilk
, 124 Ill. 2d 93, 107-08 (1988).  We must, however, reject defendant's contention that the Act is simply an alternative remedy for those defendants who have not complied with the supreme court rules and have offered no explanation for their failure to do so. Defendant did not follow any of the proper procedures for challenging the voluntariness of his guilty plea, and he has waived the consideration of this claim at the postconviction stage because the claim could have been adjudicated previously. 

We note that the Appellate Court, Third District, in 
People v. Stein
, 255 Ill. App. 3d 847, 848 (1993), and the Fifth District in 
People v. Umfleet
, 190 Ill. App. 3d 804, 809 (1989), have held that Rule 604(d) has no relevance in postconviction proceedings and that it is not necessary for a defendant to have moved to withdraw his guilty plea if he wishes to raise voluntariness issues in a postconviction proceeding.  While this would be true in cases where the facts forming the basis for the claim were not available at the time defendant should have moved to withdraw the plea, the supreme court has stated the opposite rule with respect to those cases in which defendant could have raised the claim in a motion to withdraw the plea. 
Hampton
, 165 Ill. 2d at 478; 
Stewart
, 123 Ill. 2d at 373-74.  That is the case here, and defendant has therefore waived the issue.

II. Single Subject Violation

Defendant next argues that Public Act 83--942 was passed in violation of the single subject clause.  This is a different single subject challenge from the one defendant raised in his postconviction petition. In the petition, defendant argued that Public Act 80--1099, which created Class X sentencing, was passed in violation of the single subject clause.  Here, defendant argues that Public Act 83--942, which included an amendment to the Post-Conviction Hearing Act that allows for summary dismissals of postconviction petitions after an initial review by the trial court, was passed in violation of the single subject clause.  Although this claim was not raised in the petition, we will consider defendant’s argument because the statutory provision that defendant is challenging was not applied to him until his petition was dismissed.  Further, a constitutional challenge to a statute can be raised at any time, including for the first time on appeal. 
People v. Bryant
, 128 Ill. 2d 448, 453-54 (1989).

In determining whether a legislative enactment was passed in violation of the single subject clause, we construe the term "subject" liberally in favor of the legislature.  
People v. Reedy
, 186 Ill. 2d 1, 8-9 (1999).  The subject of a bill may be as broad as the legislature chooses, provided that the bill's provisions have a natural and logical connection.  
Johnson v. Edgar
, 176 Ill. 2d 499, 515 (1997).  The General Assembly violates the single subject rule only when it includes within one act provisions that by no fair interpretation have any natural and logical connection to a single subject.  
Arangold Corp. v. Zehnder
, 187 Ill. 2d 341, 354-55 (1999).
  The provisions of the act do not need to have any relationship to each other beyond their relationship to the single subject.  
Premier Property Management, Inc. v. Chavez
, 191 Ill. 2d 101, 112-14 (2000).

Public Act 83--942 was entitled "An Act in relation to criminal justice and correctional facilities."  Public Act 83--942 amended the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 1--1 
et
 
seq
. (now 720 ILCS 5/1--1 
et
 
seq
. (West 1998))), the Post-Conviction Hearing Act, the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1001--1--1 
et
 
seq
. (now 730 ILCS 5/1--1--1 
et
 
seq
. (West 1998))), the Industrial Project Revenue Bond Act (Ill. Rev. Stat. 1983, ch. 24, par. 11--74--1 
et
 
seq
. (now 65 ILCS 5/11--74--1 
et
 
seq
. (West 1998))), the Industrial Building Revenue Bond Act (Ill. Rev. Stat. 1983, ch. 85, par. 871 
et
 
seq
. (now 50 ILCS 445/1 
et
 
seq
. (West 1998))), and the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1983, ch. 127, par. 1 
et
 
seq
. (now 20 ILCS 5/1 
et
 
seq
. (West 1998))).  The parties agree that the primary intent of the legislation was to deal with prison overcrowding. In addition to the amendments relating to correctional matters, however, Public Act 83--942 created section 122--2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122--2.1 (West 1998)), which provides for summary dismissals of postconviction petitions after an initial review by the trial court.  Further, Public Act 83--942 expanded the criminal offense of threatening public officials (Ill. Rev. Stat. 1983, ch. 38, par. 12--9 (now 720 ILCS 5/12--9 (West 1998))) by adding a variety of government officials to its scope.

Defendant argues that Public Act 83--942 encompasses at least two distinct subjects--criminal justice and correctional facilities--and that some of the amendments relate only to "criminal justice," while others relate only to "correctional facilities."  In support of his contention that this public act swept too broadly, defendant cites 
People v. Cervantes
, 189 Ill. 2d  80 (1999), in which the supreme court held that Public Act 88--680 (Pub. Act 88--680, eff. January 1, 1995) (the Safe Neighborhoods Law) violated the single subject clause.  The Safe Neighborhoods Law dealt primarily with criminal law matters.  The court held that two provisions of Public Act 88--680 were unrelated to enhancing neighborhood safety: amendments to the civil WIC Vendor Management Act (410 ILCS 255/1 
et
 
seq
. (West 1992)) and the creation of the Secure Residential Youth Care Facility Licensing Act (730 ILCS 175/45--1 
et
 
seq
. (West 1994)).  Defendant argues that the court’s decision that the provisions of the Safe Neighborhoods Law allowing private ownership and operation of secure residential youth facilities under the regulation of the Department of Corrections was unrelated to the subject of neighborhood safety necessarily implies that "criminal justice" and "correctional facilities" are two distinct legislative subjects.

We must reject this contention because the supreme court recently has held that "crime and correctional matters" is a permissible single legislative subject.  In 
People v. Malchow
, 193 Ill. 2d 413 (2000), the court considered whether Public Act 89--8, which amended the Sex Offender Registration Act (730 ILCS 150/1 
et
 
seq
. (West 1998)), was passed in violation of the single subject clause.  That public act was entitled "An Act in relation to criminal and correctional matters, amending named Acts," and amended 13 different codes or acts.  The court held that the defendant failed to meet his burden of demonstrating that any of the provisions of Public Act 89--8 were unrelated to the single subject of crime and correctional matters. 
Malchow
, 193 Ill. 2d at 428.  The court then explained how some of the amendments that appeared on their face not to relate to the identified subject--amendments to the Medical Practice Act of 1987 (225 ILCS 60/1 
et
 
seq
. (West 1994)), the Code of Civil Procedure (735 ILCS 5/1--101 
et
 
seq
. (West 1994)), and the Civil Administrative Code--actually did relate to crime and correctional matters.  

Here, defendant does not argue that any of the provisions are unrelated to either crime or correctional facilities.  Defendant merely argues that these are two distinct subjects and that Public Act 83--942’s various provisions relate to only one of these subjects.  As the supreme court has held "criminal and correctional matters" to be a permissible single subject, and all of the provisions of Public Act 83--942 relate either to crime or correctional facilities, we must reject defendant’s argument.  We note that the Appellate Court, First District, recently has reached the same conclusion.  In 
People v. Roberts
, 318 Ill. App. 3d 719 (2000), the court rejected the defendant’s single subject challenge to Public Act 83--942.  
Roberts
 noted that the supreme court held in 
Malchow
 that crime and correctional matters was a sufficiently narrow subject to withstand a single subject challenge and that all of the provisions of Public Act 83--942 related to crime to correctional matters.  

Roberts
 also held that an examination of Public Act 83--942's legislative history was unnecessary because, on its face, all of its provisions relate to what the supreme court has determined to be a permissible single legislative subject.  We agree, and thus do not consider defendant’s arguments concerning Public Act 83--942’s legislative history. 

In sum, we hold that the court did not err in dismissing defendant’s postconviction petition.  Defendant waived his argument that his guilty plea was involuntary by not raising it in a motion to withdraw his guilty plea, in a direct appeal, or in his postconviction petition.  Further, defendant failed to demonstrate that the legislature violated the single subject clause in enacting Public Act 83--942.

Accordingly, we affirm the judgment of the circuit court of Stephenson County.

Affirmed.

BOWMAN and RAPP, JJ., concur.