THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GRAYLIN T. DOUGLAS, Defendant-Appellant.

Third District No. 3—01—0226

Opinion filed April 5, 2002.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Graylin T. Douglas, pled guilty to unlawful possession with intent to deliver less than one gram of cocaine. 720 ILCS 570/401(d) (West 1998). He received an extended-term sentence of eight years' imprisonment based on a prior conviction. 730 ILCS 5/5—5—3.2(b)(1) (West 2000). He filed a *pro se* postconviction petition in which he argued that his extended-term sentence is unconstitutional under the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). His petition was summarily dismissed. On appeal, the defendant argues that (1) his petition should not have been dismissed because his extended-term sentence is unconstitutional under *Apprendi*, and (2) Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983), which amended the Post-Conviction Hearing Act (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1 (now 725 ILCS 5/122—2.1 (West 1998))), violates the single subject rule of the Illinois Constitution. We affirm.

## BACKGROUND

The defendant pled guilty to possession with intent to deliver cocaine in exchange for the State dismissing another charge and an agreement that the State would not seek more than the maximum nonextended-term sentence, even though the defendant was eligible for an extended-term sentence. The defendant further agreed, however, that his plea would be treated as a blind plea if he failed to appear for sentencing.

The defendant failed to appear at his sentencing hearing and was sentenced to an eight-year extended term of imprisonment. He filed a motion to reconsider sentence, which was denied.

The defendant filed a timely *pro se* postconviction petition in which

he argued that his extended-term sentence was unconstitutional under *Apprendi*. The trial court dismissed his petition as frivolous and patently without merit on the grounds that *Apprendi* explicitly excluded sentences based on prior convictions from its holding. The defendant appeals from the dismissal of his postconviction petition.

## ANALYSIS

■ ■ Possession with intent to deliver less than one gram of cocaine is a Class 2 felony (720 ILCS 570/401(d) (West 1998)) with a sentencing range of three to seven years' imprisonment (730 ILCS 5/5—8—1(a)(5) (West 2000)). A judge may sentence a defendant to an extended term of imprisonment (730 ILCS 5/5—8—2 (West 2000)) if the judge finds an aggravating factor, such as a prior felony conviction (730 ILCS 5/5—5—3.2(b)(1) (West 2000)), to be present. The extended-term sentencing range for a Class 2 felony is from 7 to 14 years' imprisonment. 730 ILCS 5/5—8—2(a)(4) (West 2000).

### I. *Apprendi*

■ Any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to the trier of fact and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. In *People v. Childress*, 321 Ill. App. 3d 13, 746 N.E.2d 783 (2001), the Illinois Appellate Court, First District, ruled that the holding of *Apprendi* does not apply to extended-term sentences based on prior convictions under section 5—5—3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5—5—3.2(b)(1) (West 2000)). This court previously has rejected arguments that *Apprendi* applies to other statutes permitting sentences to be increased based on recidivism in *People v. Dixon*, 319 Ill. App. 3d 881, 747 N.E.2d 1 (2001), and *People v. Jones*, 322 Ill. App. 3d 236, 749 N.E.2d 466 (2001). Therefore, we hold that *Apprendi* does not apply to this defendant's extended term sentence.

### II. Single Subject Rule

■ The legislation the defendant challenges is section 122—2.1(a)(2) of the Post-Conviction Hearing Act (725 ILCS 5/122—2.1(a)(2) (West 2000)), under which a judge may summarily dismiss a postconviction petition if he or she finds that it is frivolous or patently without merit. That section was enacted through Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983). According to the defendant, section 122—2.1(a)(2) is invalid because Public Act 83—942 violates the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)).

A legislative act violates the single subject clause if it contains un-

related provisions which, by no fair interpretation, have any legitimate relation to each other. *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999). On the other hand, no such violation occurs if the contents of the act "have a natural and logical connection to a single subject." *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 352, 718 N.E.2d 191, 198 (1999). In applying the single subject clause, our supreme court has noted that the term "subject" is comprehensive and must be liberally construed. *People v. Dunigan*, 165 Ill. 2d 235, 650 N.E.2d 1026 (1995).

Three districts of the Illinois Appellate Court have held that Public Act 83—942 did not violate the single subject clause. See *People v. Roberts*, 318 Ill. App. 3d 719, 743 N.E.2d 1025 (1st Dist. 2000); *People v. Vilces*, 321 Ill. App. 3d 937, 748 N.E.2d 1219 (2nd Dist. 2001); *People v. Jones*, 318 Ill. App. 3d 1189, 744 N.E.2d 344 (4th Dist. 2001); *People v. Dorris*, 319 Ill. App. 3d 579, 746 N.E.2d 303 (4th Dist. 2001). These three courts noted that all of the sections in the Act were naturally and logically connected to criminal justice. *Roberts*, 318 Ill. App. 3d at 734, 743 N.E.2d at 1037 (describing the subject as "criminal and correctional matters"); *Vilces*, 321 Ill. App. 3d 937, 748 N.E.2d 1219 (concurring with *Roberts*); *Jones*, 318 Ill. App. 3d at 1192, 744 N.E.2d at 347; *Dorris*, 319 Ill. App. 3d at 585, 746 N.E.2d at 307 (describing the subject as "the criminal justice system"). We have reviewed the Act and agree with this conclusion.

Recently, this court concurred with the holdings of *Roberts* and *Jones* in *People v. Sharpe*, 321 Ill. App. 3d 994, 749 N.E.2d 432 (2001). We see no reason to disturb our ruling in *Sharpe*. Accordingly, we hold that section 122—2.1(a)(2) provided a valid basis for dismissing the defendant's postconviction petition. His constitutional claim, therefore, must fail.

## CONCLUSION

For the foregoing reasons, we affirm the ruling of the Peoria County circuit court dismissing the defendant's postconviction petition.

Affirmed.

SLATER and HOMER, JJ., concur.