THIRD DIVISION

August 14, 2002

No. 1-00-2744

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) 

)

PATRICK BRUNT, ) Honorable

)
 Dennis Porter,

Defendant-Appellant. )
 Judge Presiding.

)

MODIFIED UPON DENIAL OF REHEARING

JUSTICE SOUTH delivered the opinion of the court:

Defendant, Patrick Brunt (petitioner),
 appeals from an order of the circuit court of Cook County dismissing his post-conviction petition without an evidentiary hearing for being untimely, as well as being frivolous and patently without merit.  We affirm that dismissal on the basis that the petition was frivolous and patently without merit.  

On January 10, 1997, subsequent to a bench trial petitioner was convicted of felony murder, attempted murder and two counts of armed robbery, all based upon accountability.  On February 14, 1997, he was sentenced to 35 years for murder and 20 years for attempted murder, both sentences to be served consecutively, and 15 years each for the two armed robbery convictions, both sentences to be served concurrently.  Petitioner filed a motion to reconsider that sentence on February 26, 1997, which was denied that same day.

In an unpublished order, this court affirmed those convictions and sentences.  
People v. Brunt
, No. 1-97-0935 (March 9, 1999)
 
(unpublished summary order under Supreme Court Rule 23).  On February 18, 2000, petitioner filed a 
pro se
 petition for postconviction relief
.   The circuit court dismissed that petition on the basis that it was untimely and contained allegations which were frivolous and patently without merit.

Petitioner has raised four issues for our consideration: (1) whether the reference in section 122-1(c) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(c) (West 1998)) to "date of conviction" should include the time until a defendant's motion to reconsider the sentence is ruled upon; (2) whether under 
Apprendi v. New Jersey
, 530 U.S. 466
,
 147 L. Ed. 2d 435
, 120 S. Ct. 2348
 (2000
)
, his consecutive sentences for murder and attempted murder are unconstitutional; (3) whether the enactment of Public Act 83-942 (Pub. Act 83-942, eff. November 23, 1983) violates the single subject rule of the Illinois Constitution; and (4) whether one of the convictions for armed robbery must be vacated since a criminal defendant cannot be convicted of both felony murder and the underlying predicate felony. 
 

Section 122-1(c) of the Post-Conviction Hearing Act (Act) sets forth the limitations periods applicable to the filing of petitions for postconviction relief:

" No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122-1(c) (West 1998).

Thus, the Act ties the timing of the postconviction petition to one of three specific events:  (1) the filing or possible filing of a petition for leave to appeal (PLA); (2) the filing of a brief in appeal of the sentence to our supreme court, or (3) the date of conviction.  The Act specifies different time periods as to each reference point – within six months from the denial of a petition for leave to appeal (or the due date of such a petition if one is not filed), within 45 days from the filing of the defendant's brief where the appeal is taken by our supreme court (or the due date of the brief if none is actually filed), or three years from the defendant's conviction.  The Act provides that the shortest time period, the earliest date, be used.  In 
People v. Reed
, 302 Ill. App. 3d 1007 (1999), the reviewing court described the logical relationship between the three limitations periods as follows:

"The six-month limitation applies when there has been an appeal to the appellate court, which triggers 'a denial of a [PLA] or the date for filing such.'  The 45-day period applies to cases going directly to our supreme court (
e.g
., a capital case) or in cases where a PLA is granted.  Finally, the provision limiting postconviction petitions to within three years of the date of conviction applies to all other cases ***. Thus, each possible postconviction avenue of appeal (including the decision not to appeal) is provided for under the Act with its own discrete and specific time limit for a postconviction petition."  
Reed
, 302 Ill. App. 3d at 1009.

Petitioner argues that the three-year period is applicable because after he filed a motion to reconsider his sentence, he then had three years from that date within which to file his postconviction petition.  According to petitioner, the term "date of conviction" as used in the Act includes the time until a defendant's sentence is final, which in this case would be when the court rules upon a motion for reconsideration of the sentence.  Although petitioner acknowledges that he filed his postconviction petition more than three years after his conviction, he contends that the "triggering" date for purposes of the limitations period was February 26, 1997, the date on which he filed and the court denied his motion to reconsider the sentence.
  

Review of the dismissal of a postconviction petition without an evidentiary hearing is 
de
 
novo
.  
People v. Coleman
, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063 (1998).  The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature.  
People v. Robinson
, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996).  The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning.  
People v. Tucker
, 167 Ill. 2d 431, 435, 657 N.E.2d 1009, 1011 (1995).  When a statute is unambiguous, it must be enforced as enacted, and a court may not depart from its plain language by reading into it exceptions, limitations, or conditions not expressed by the legislature.  
People v. Woodard
, 175 Ill. 2d 435, 443, 677 N.E.2d 935, 939 (1997).
  

Petitioner 
was sentenced on February 14, 1997, and filed his postconviction petition
 on February 18, 2000.  
Petitioner contends that the postconviction limitations period begins to run from the date that he filed his motion to reconsider his sentence on February 26, 1997,
 which is also the date the court denied his motion.
 
 The supreme court in 
People v. Woods
, 193 Ill. 2d 483, 489, 739 N.E.2d 493, 496 (2000), held that for purposes of section 122-1(c) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122 (West 1998)),
 "date of conviction" means the date that final judgment including sentence was entered.  
This court held in 
People v. Ivy
, 313 Ill. App. 3d 1011, 1017, 730 N.E.2d 628, 635 (2000)
, that petitioner's sentence was not final until the denial of his amended motion to reconsider sentence was affirmed on appeal.  In the instant matter, the lower court denied his petition because it
 was both frivolous and patently without merit
 and untimely filed inasmuch as the petition failed to state the gist of a meritorious claim
 and it
 was filed more than three years after his February 14, 1997,
 sentence.
  
In performing 
de novo
 review of dismissal of a petition for post-conviction relief, the appellate court is not bound by the reasons given by the trial court, and may sustain the judgment upon any ground warranted.  
Ivy
, 313 Ill. App. 3d at 1017, 730 N.E.2d at 635.  The trial court may summarily dismiss a 
pro se
 petition as patently without merit where the allegations do not raise the gist of a constitutional claim.  
People v. Lopez
, 317 Ill. App. 3d 1047, 1052-53, 740 N.E.2d 1179, 1184 (2000).  The general requirement that a postconviction petitioner set forth the gist of a meritorious claim means that he must allege sufficient facts from which the circuit court could find a valid claim of deprivation of a constitutional right.  
People v. Bates
, 323 Ill. App. 3d 77, 80, 751 N.E.2d 180, 183 (2001).  Petitioner alleged as grounds for relief: (1) ineffective assistance of trial counsel for failure to request a mistrial; (2) the trial court improperly overruled petitioner's objection and allowed statements made by petitioner regarding other crimes; (3) the State made improper statements during its closing argument; (4) the trial court improperly considered statements made by petitioner regarding other crimes; and (5) ineffective assistance of counsel.  We agree with the trial court's determination that petitioner failed to raise the gist of a constitutional claim and thus the trial court properly dismissed his postconviction petition.  

Petitioner next contends that under 
Apprendi v. New Jersey
, 530 U.S. 466
,
 147 L. Ed. 2d 435
, 120 S. Ct. 2348
 (2000
),
 his consecutive sentences for first degree murder and attempted first degree murder are unconstitutional because he was subjected to increased punishment without notice or a jury finding of proof beyond a reasonable doubt of the facts qualifying him for such increased punishment
.  

Sentences which run consecutively to each other are not converted into a single sentence.   
People v. Wagener
, 196 Ill. 2d 269, 279, 752 N.E.2d 430, 441-42 (2001).  
Because consecutive sentences remain distinct, there is no 
Apprendi
 conflict inasmuch as 
Apprendi
 only addresses sentences for individual crimes.  
Wagener
, 196 Ill. 2d at 279-80, 752 N.E.2d at 441-42; 
People v. Carney
, 196 Ill. 2d 518, 530, 534-35, 752 N.E.2d 1137, 1144, 1146 (2001); 
People v. Burns
, No. 1-99-4030 (June 28, 2001)
.  
Apprendi
 requires that any fact that increases a sentence beyond the statutory maximum has to be submitted to a jury and proven beyond a reasonable doubt.  
Apprendi
,
 530 U.S. at
 474
, 147 L. Ed. 2d at
 445, 120 S. Ct. at
 2354
;
 
Wagener
, 196 Ill. 2d at 287, 752 N.E.2d at 442. 
 Here, petitioner's individual sentences are within the statutory range established by the legislature as required by 
Apprendi
.  
Apprendi
,
 530 U.S. at
 474
, 147 L. Ed. 2d at
 445, 120 S. Ct. at
 2354
. 
 The statutory range for first degree murder
 
is between 20 and 60 
years, and the range for attempted first degree murder
, a Class X felony
, is between 6 and 30 years.  730 ILCS 5/5-8-1 (West 1998).  Petitioner's sentences fell well within those statutory ranges.  Therefore, we find that petitioner's sentences did not violate 
Apprendi
.
  

We next consider whether Public Act 83-942, which amended the Post-Conviction Hearing Act (725 ILCS 122-1 
et seq
. (West 1998))
 to require the dismissal of certain petitions prior to the appointment of counsel, violates the single subject rule of the Illinois Constitution.  This argument has been rejected by every district of the appellate court, except for the Fifth District, which has not yet addressed the issue.  See 
People v. Vilces
, 321 Ill. App. 3d 937, 944-45, 748 N.E.2d 1219 (2001); 
People v. Sharpe
, 321 Ill. App. 3d 994, 997, 749 N.E.2d 432 (2001); 
People v. Dorris
, 319 Ill. App. 3d 579, 585, 746 N.E.2d 303
 (2001); 
People v. Jones
, 318 Ill. App. 3d 1189, 1193, 744 N.E.2d 344 (2001); 
People v. Roberts
, 318 Ill. App. 3d 719, 733-34, 743 N.E.2d 1025 (2000).  We find these decisions sound and well-reasoned and choose not to depart from them.  Accordingly, we find that Public Act 83-942 does not violate the single subject rule.
  

Lastly, petitioner contends that the trial court improperly convicted him of armed robbery which was the predicate felony for the felony murder conviction and thus, one of his convictions for armed robbery should be vacated
.  In 
People v. Coady
, 156 Ill. 2d 531, 536, 622 N.E.2d 798, 801 (1993), the Illinois Supreme Court held that a lesser included offense of felony murder cannot support a separate conviction and sentence.  In 
People v. Washington
, 272 Ill. App. 3d 913, 919
, 651 N.E.2d 625, 630
 (1995), this court held that "in the case of felony murder, the underlying felony is a lesser included
 offense because the felony is established by proof of the same or less than all of the facts required to establish the offense of the felony murder."  
Coady
 acknowledged that under the laws of this state armed robbery, as an included offense underlying the felony murder charge, will not support a separate conviction and sentence, and cited 
People v. Donaldson
, 91 Ill. 2d 164, 170, 435 N.E.2d 477 (1982), and 
People v. Johnson
, 167 Ill. App. 3d 659, 669-70, 521 N.E.2d 609 (1988), for that proposition.  
The State concedes that petitioner's conviction and sentence on the armed robbery of Eric Watkins, count VI of the indictment,
 were improper and should be vacated.  We agree and vacate one of the convictions and sentences.
. 

Based upon the foregoing analysis, we affirm the circuit court's dismissal of the petition for postconviction relief.  However, we vacate petitioner's conviction and sentence on count VI of the indictment alleging the armed robbery of Eric Watkins.

Affirmed in part and vacated in part.
  

HALL, P.J., and WOLFSON, J., concur.