**NOTICE**
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230142-U

NO. 4-23-0142

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

**FILED**
May 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| STANLEY BOCLAIR, | ) | No. 84CF151 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Steigmann concurred in the judgment.

## ORDER

¶ 1   *Held*: The appellate court affirmed, concluding the circuit court did not err in denying defendant leave to file a successive postconviction petition.

¶ 2   Defendant, Stanley Boclair, appeals *pro se* from the circuit court's judgment denying him leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) and dismissing his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). For the reasons that follow, we affirm the court's judgment.

¶ 3                              I. BACKGROUND

¶ 4   In 1986, a jury found defendant guilty of four counts of murder (Ill. Rev. Stat. 1983, ch. 38, ¶ 9-1(a)(1), (2)) and one count of conspiracy to commit murder (Ill. Rev. Stat. 1983, ch. 38, ¶ 8-2(a)) for stabbing and killing a fellow inmate at Pontiac Correctional Center. Defendant

was initially sentenced to death but, following a successful direct appeal, he was resentenced to natural life in prison. See *People v. Boclair*, 129 Ill. 2d 458, 544 N.E.2d 715 (1989) (affirming the conviction but vacating the sentence and remanding for a new sentencing hearing). Defendant's conviction and sentence then survived multiple collateral attacks. See, *e.g.*, *People v. Boclair*, No. 4-92-0969 (1993) (unpublished order under Illinois Supreme Court Rule 23) (affirming the summary dismissal of an initial postconviction petition); *People v. Boclair*, No. 4-07-0347 (2008) (unpublished order under Illinois Supreme Court Rule 23) (affirming the denial of a second postconviction petition after an evidentiary hearing); *People v. Boclair*, 2021 IL App (4th) 180813-U (affirming the denial of leave to file a third postconviction petition).

¶ 5        In December 2022, defendant filed several *pro se* motions and pleadings. Defendant filed a motion for leave to file a successive postconviction petition. The proposed petition claimed counsel involved with the appeal from the denial of the motion for leave to file a third postconviction petition provided unreasonable assistance by failing to pursue a claim of ineffective assistance of trial counsel raised in a *pro se* motion to reconsider. The proposed petition also incorporated a section 2-1401 claim for relief from judgment on the same grounds. Additionally, defendant filed two section 2-1401 petitions for relief from judgment. The petitions claimed the statute providing for a natural life prison sentence was facially unconstitutional. They also asserted the claims were properly before the circuit court because the statute was void *ab initio*.

¶ 6        In January 2023, the circuit court entered an order denying defendant leave to file a successive postconviction petition and dismissing his section 2-1401 petition. As for the latter, the court specifically ruled:

"In regards to defendant's 2-1401 claim, defendant again merely re-argues his claim of ineffective assistance of counsel without providing any legal basis or argument for proceeding with such a claim, or even attempting to set forth the proper elements of a 2-1401 petition. Moreover, the 2-1401 petition comes over 30 years after the statute of limitations for such claims. Defendant has provided no explanation for this delay."

¶ 7    In February 2023, defendant filed a *pro se* notice of appeal, as well as *pro se* motions for summary judgment related to his section 2-1401 petitions. That same month, the circuit court entered a docket entry (1) appointing appellate counsel and (2) striking a "[m]otion for summary judgment" as "no petition pending." Thereafter, defendant filed additional *pro se* motions related to his section 2-1401 petitions, and defendant's appellate counsel filed a motion for leave to file a late notice of appeal from the judgment denying defendant leave to file a successive postconviction petition and dismissing his section 2-1401 petition. This court allowed the motion filed by defendant's appellate counsel.

¶ 8    This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant, having elected to dispense with the assistance of appellate counsel and proceed *pro se*, argues the circuit court erred in denying him leave to file a successive postconviction petition because his petition raised a viable claim appellate postconviction counsel performed unreasonably by failing to pursue the claim of ineffective assistance of trial counsel raised in his *pro se* motion to reconsider. Defendant also argues the court erred in refusing to vacate

- 3 -

his sentence based upon his constitutional challenges to the statute providing for a natural life prison sentence.

¶ 11 The State, in response, argues the circuit court properly denied defendant leave to file a successive postconviction petition and properly dismissed his section 2-1401 petition.

¶ 12 Although undisputed by the parties, this court has an independent duty to consider our jurisdiction and whether the issues raised are properly before this court. See *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E.2d 1053, 1058 (2008) ("A reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them.").

¶ 13 We begin with the circuit court's ruling on defendant's motion for leave to file a successive postconviction petition. The record shows the court entered an order denying defendant leave. Defendant asserts—an assertion which the State fails to address—he filed a timely motion to reconsider the court's ruling, which the court never ruled upon. If true, this would raise jurisdictional concerns. However, as defendant acknowledges, there is nothing in the record to support his assertion that he filed a motion to reconsider. Defendant attaches the purported motion to reconsider to the appendix of his brief. Doing so—despite not being addressed by the State—is not a proper way to supplement the record. See *Scatchell v. Board of Fire & Police Commissioners for Melrose Park*, 2022 IL App (1st) 201361, ¶ 111, 213 N.E.3d 446. The record shows the court's ruling was a final judgment, which is now before this court.

¶ 14 We next consider the circuit court's ruling(s) on defendant's section 2-1401 claims and petitions. The record shows the court entered an order denying the section 2-1401 claim incorporated into defendant's proposed successive postconviction petition, a ruling which defendant does not contest. Defendant asserts—an assertion which the State fails to address—the court failed to rule on his separate section 2-1401 petitions. We agree. A review of the substance

of the court's ruling indicates it only considered the section 2-1401 claim raised in defendant's proposed successive postconviction petition. While the court later struck one of defendant's motions for summary judgment related to his section 2-1401 petitions on the basis that no petition was pending, we are not convinced this shows the court ruled upon the section 2-1401 petitions. The record fails to show a final judgment was entered related to defendant's section 2-1401 petitions and, absent such a judgment, the related issues are not properly before this court.

¶ 15        We now proceed with a review of the only issue properly before this court: whether the circuit court erred in denying defendant leave to file his successive postconviction petition. This issue is subject to *de novo* review. *People v. Wilson*, 2023 IL 127666, ¶ 24, 220 N.E.3d 1068.

¶ 16        "The Act provides a statutory remedy to criminal defendants who assert claims for substantial violations of their constitutional rights at trial." *People v. Robinson*, 2020 IL 123849, ¶ 42, 181 N.E.3d 37. The Act contemplates the filing of only a single postconviction petition, and any claim not raised in the initial petition is deemed forfeited. *People v. Bailey*, 2017 IL 121450, ¶ 15, 102 N.E.3d 114. To obtain leave to file a successive postconviction petition, a defendant must either set forth a colorable claim of actual innocence or show cause and prejudice for the failure to raise an alleged claim in an earlier petition. *Id.* ¶ 26.

¶ 17        Under the cause-and-prejudice test, a defendant demonstrates cause by identifying "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post[ ]conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2022). A defendant demonstrates prejudice by showing the "claim not raised during his or her initial post[ ]conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* § 122-1(f)(2).

¶ 18      In this case, defendant asserts he should have been granted leave to file his successive postconviction petition because his petition raised a viable claim appellate postconviction counsel performed unreasonably by failing to pursue the claim of ineffective assistance of trial counsel raised in his *pro se* motion to reconsider. Defendant's claim concerning the performance of appellate postconviction counsel is not a viable claim under the Act. See *Robinson*, 2020 IL 123849, ¶ 42. Moreover, to the extent defendant intended to raise his claim concerning appellate counsel's performance to establish cause and prejudice for his failure to raise his claim of ineffective assistance of trial counsel earlier, we would still reject it. Appellate counsel correctly refused to pursue a claim which was raised for the first time in a *pro se* motion to reconsider. See 725 ILCS 5/122-3 (West 2022) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is [forfeited]."); *People v. Vilces*, 321 Ill. App. 3d 937, 939-40, 748 N.E.2d 1219, 1221-22 (2001) (finding the defendant forfeited an issue raised for the first time in a motion to reconsider). Accordingly, we conclude the circuit court did not err in denying defendant leave to file a successive postconviction petition.

¶ 19                                  III. CONCLUSION

¶ 20      For the reasons stated, we affirm the circuit court's judgment.

¶ 21      Affirmed.