THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN D. SMITH, Defendant-Appellant.

Fourth District    No. 4—99—0870

Opinion filed July 21, 2000.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant John D. Smith appeals from the order of the circuit court of Champaign County dismissing as frivolous and patently

without merit his petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1998)). On March 7, 1991, this court affirmed defendant's convictions for three counts of aggravated criminal sexual assault, home invasion, and armed robbery (Ill. Rev. Stat. 1989, ch. 38, pars. 12—14(a), 12—11, 18—2(a)) and the concurrent sentences of 30 years for each aggravated criminal sexual assault conviction, to be served consecutive to the 20-year sentences imposed for home invasion and armed robbery. *People v. Smith,* 209 Ill. App. 3d 1043, 568 N.E.2d 482 (1991). On August 13, 1999, defendant filed a postconviction petition alleging that Public Act 80—1099 (Pub. Act 80—1099, eff. February 1, 1978 (1977 Ill. Laws 3264)), which created Class X sentencing, was unconstitutional because it violated the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). That constitutional issue is the only issue on appeal, and we affirm the trial court's dismissal of the petition.

The office of the State Appellate Defender (OSAD) was appointed to represent defendant in this appeal. OSAD has now filed a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), on the ground that no meritorious issue is presented for review. A copy of OSAD's motion was served on defendant. In addition, on April 20, 2000, on its own motion, this court granted defendant to and including May 22, 2000, to file additional points and authorities. None have been filed.

> "The constitutionality of a statute is a question of law subject to *de novo* review. *People v. Fisher,* 184 Ill. 2d 441, 448, 705 N.E.2d 67, 71-72 (1998). All statutes are presumed to be constitutional, and the burden of rebutting that presumption is on the challenger, who must clearly establish a constitutional violation. *Arangold Corp. v. Zehnder,* 187 Ill. 2d 341, 351 (1999). ***
>
> The single subject rule states: 'Bills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject.' Ill. Const. 1970, art. IV, § 8(d). ***
> The single subject rule (1) serves to prevent enactment of legislation that, standing on its own, could not garner the votes necessary for passage; (2) facilitates enactment of bills through a legislative process that is orderly and informed; and (3) promotes direct confrontation and informed discussion of legislative issues submitted for enactment. *People v. Reedy,* 186 Ill. 2d 1, 13-14, 708 N.E.2d 1114, 1119-20 (1999)." *People v. Dixon,* 308 Ill. App. 3d 1008, 1013, 721 N.E.2d 1172, 1176 (1999).

An examination of all the provisions of Public Act 80—1099 reveals a natural and logical connection to a single subject, the criminal justice system. In Public Act 80—1099, offenses were added to the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1977, ch. 38, par. 1—1 *et*

*seq.*), and others were reclassified. There were also offenses reclassified within the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100 *et seq.*). With the sweeping sentencing changes, new provisions to the Unified Code of Corrections (Unified Code) (Ill. Rev. Stat. 1977, ch. 38, par. 1001—1—1 *et seq.*) were enacted, including revisions regarding elimination of parole and the creation of mandatory supervised release. This necessitated elimination of the parole board, creation of the Prisoner Review Board, and the addition of provisions relating to its duties after the elimination of parole. The changes to the Criminal Code, the Unified Code, and the Controlled Substances Act pass a single-subject-rule challenge. See *People v. Majors*, 308 Ill. App. 3d 1021, 1030-33, 721 N.E.2d 753, 760-62 (1999); *People v. Dixon*, 308 Ill. App. 3d at 1012-16, 721 N.E.2d at 1175-79 (both considering whether Public Act 89—689 violated the single subject rule). As in *Dixon* and *Majors*, here all the sections of Public Act 80—1099 concern criminal law or the administration of criminal justice and are naturally and logically connected to the criminal justice system, a subject found in *Dixon* to be not overly broad.

We agree with OSAD that the instant appeal presents no meritorious issues for review. We allow the motion of OSAD to withdraw as counsel, and we affirm the judgment of the circuit court of Champaign County.

Affirmed.

GARMAN and MYERSCOUGH, JJ., concur.