NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190575-U

NO. 4-19-0575

IN THE APPELLATE COURT

FILED
June 30, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ARTHUR L. JOHNSON, | ) | No. 85CF525 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jason M. Bohm, |
| | ) | Judge Presiding. |

---

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted OSAD's motion to withdraw and affirmed the trial court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 2   Defendant, Arthur L. Johnson, appeals from the trial court's order denying his motion for leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD now moves to withdraw on the basis it can raise no meritorious argument the court erred in denying defendant's request for leave. We grant OSAD's motion and affirm.

¶ 3                         I. BACKGROUND

¶ 4   In 1985, a jury found defendant guilty of armed robbery (Ill. Rev. Stat. 1983, ch. 38, ¶ 18-2a). He was sentenced to life imprisonment under the Habitual Criminal Act (Act) (Ill.

Rev. Stat. 1983, ch. 38, ¶¶ 33B-1, 33B-2, 1005-5-3(7)) due to two previous armed robbery convictions in Champaign County case Nos. 72-X-2002 and 80-CF-602. On direct appeal, defendant argued, in part, his sentence should be vacated because the Act was unconstitutional; this court affirmed. *People v. Johnson*, 144 Ill. App. 3d 1186 (1986) (table) (unpublished order under Supreme Court Rule 23).

¶ 5            In 1992, defendant filed his initial postconviction petition, arguing, in part, the Act violated the single-subject requirement in article IV, section 8 of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). Defendant's petition was denied following an evidentiary hearing, and we affirmed the denial on appeal. *People v. Johnson*, 276 Ill. App. 3d 1144 (1995) (table) (unpublished order under Supreme Court Rule 23).

¶ 6            In 1997, defendant filed a successive postconviction petition raising a claim appellate counsel was ineffective for failing to challenge the constitutionality of the Act. The petition was dismissed, and this court affirmed the dismissal. *People v. Johnson*, 299 Ill. App. 3d 1138 (1998) (table) (unpublished order under Supreme Court Rule 23).

¶ 7            In 2019, defendant filed the instant motion for leave to file a successive postconviction petition. In it, he argued his conviction and sentence were void because the supreme court found Public Acts 89-428 (eff. Dec. 13, 1995) (amending 730 ILCS 5/3-6-3, 3-6-3.1) and 89-203 (eff. July 21, 1995) (amending 730 ILCS 5/5-8-1(a)(1)(c)(ii)) unconstitutional as violative of the single-subject rule. The trial court entered a written order denying defendant's motion. The court found defendant could not satisfy the cause-and-prejudice test because (1) the Public Acts identified in his motion were passed after his conviction and sentence and (2) "it is well-settled that the [Habitual Criminal] Act was constitutional."

¶ 8        Defendant appealed the denial of his motion for leave, and OSAD was appointed to represent him. OSAD subsequently filed a motion to withdraw as appellate counsel on the basis it could raise no meritorious argument on appeal. We granted defendant leave to respond to OSAD's motion; he did not do so.

¶ 9                                    II. ANALYSIS

¶ 10        OSAD contends it can raise no colorable argument the trial court erred in denying defendant's motion for leave because any assertion he satisfied the cause-and-prejudice test would be meritless. We review the denial of a motion for leave to file a successive petition alleging cause and prejudice *de novo*. See, *e.g.*, *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 11        The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a remedy for criminal defendants who claim their conviction or sentence resulted from a substantial denial of their constitutional rights. See, *e.g.*, *People v. Pitsonbarger*, 205 Ill. 2d 444, 455, 793 N.E.2d 609, 618 (2002). The Postconviction Act "contemplates the filing of only one post-conviction petition." *Id.* at 456. Thus, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Internal quotation marks omitted.) *Id.* An exception to the procedural bar against successive petitions, relevant to the instant appeal, is satisfaction of the "cause-and-prejudice" test. *Id.* at 459. "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in an earlier proceeding." (Internal quotation marks omitted.) *Id.* at 460. "Prejudice" can be established by showing the claim at issue "so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2018). "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that

the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35, 21 N.E.3d 1172.

¶ 12       Here, we agree with OSAD that no meritorious argument can be made defendant satisfied the "cause-and-prejudice" test such that the trial court erred in denying him leave to file a successive petition. Although it is true the supreme court found Public Acts 89-428 and 89-203 void as violative of the single-subject rule in *Johnson v. Edgar*, 176 Ill. 2d 499, 518, 680 N.E.2d 1372, 1381 (1997), and *People v. Wooters*, 188 Ill. 2d 500, 514, 722 N.E.2d 1102, 1110 (1999), respectively, these findings have no relation to defendant's conviction and sentence. Defendant was sentenced in 1985, whereas Public Acts 89-428 and 89-203 did not become effective until 1995. Pub. Act 89-428 (eff. Dec. 13, 1995) (amending 730 ILCS 5/3-6-3, 3-6-3.1); Pub. Act 89-203 (eff. July 21, 1995) (amending 730 ILCS 5/5-8-1(a)(1)(c)(ii)). Moreover, the Public Acts relevant to defendant's conviction and sentence—Public Act 80-1099 (eff. Feb. 1, 1978) (adding 1977 Ill. Laws 3264), which created Class X sentencing, and Public Act 81-1270 (eff. July 3, 1980) (amending Ill. Rev. Stat. 1979, ch. 38, ¶ 33B-1), which amended the Act—were both found to comply with the single-subject rule. See *People v. Smith*, 314 Ill. App. 3d 1111, 1112-13, 734 N.E.2d 104, 105 (2000) (addressing Pub. Act 80-1099 (eff. Feb. 1, 1978) (adding 1977 Ill. Laws 3264)); *People v. Dunigan*, 165 Ill. 2d 235, 255-56, 650 N.E.2d 1026, 1035 (1995) (addressing Pub. Act 81-1270 (eff. July 3, 1980) (amending Ill. Rev. Stat. 1979, ch. 38, ¶ 33B-1)). Accordingly, no argument can be made the trial court erred in denying defendant leave to file a successive postconviction petition.

¶ 13                          III. CONCLUSION

¶ 14        For the reasons stated, we grant OSAD's motion and affirm the trial court's judgment.

¶ 15        Affirmed.